JOHN LUTZ, PLAINTIFF IN ERROR v. OTHO M. LINTHICUM.

The case was argued by Mr Key, for the plaintiff in error; and by Mr Marbury and Mr Coxe, for the defendant.

Mr Key contended,

170

Mr Marbury and Mr Coxe, for the defendant.

172

Mr Justice STORY delivered the opinion of the Court.

This is a writ of error to the circuit court of the District of Columbia, for the county of Washington.

The original suit was an action of covenant, brought by Linthicum against Lutz, upon certain articles of agreement, made between Lutz on the one part, and Linthicum on the other part, on the 22d of October 1828. The declaration, after reciting that Lutz, by these articles, leased certain premises in Georgetown to Linthicum for five years, from the 3d day of May then next ensuing, and a covenant on the part of Linthicum to pay therefor an annual rent of two hundred and fifty dollars, the rent to be paid half yearly, averred, that, by the articles of agreement, Lutz bound himself to Linthicum, that the latter should have peaceable possession of the premises, and retain and keep the same for the said five years; that Linthicum entered into possession of the premises, and held the same until the 3d day of November 1832, when Lutz evicted and dispossessed him, &c. The articles are spread upon the record, by which it appears, that they were made "by and between John Lutz of, &c., and agent for John M'Pherson of Fredericktown in the state of Maryland, of the one part, and Otho M. Linthicum of Georgetown, &c., of the other part." And it is witnessed, "that the said John Lutz agent. as afore-

said, has rented and leased, &c.," the premises to Linthicum; and on the other hand, Linthicum covenants to pay the rent, &c., as stated in the declaration. But there is no covenant in the lease by Lutz, for quiet enjoyment, as stated in the declaration; but the latter is founded upon the covenant implied by law, in cases of demises. The articles conclude with these words. "In witness whereof, we, the said John Lutz and O. M. Linthicum, have hereunto interchangeably set our hands and seals, day and date above. John Lutz, agent for John M'Pherson [L. S.]. O. M. Linthicum [L. S.]."

The defendant, Lutz, without praying oyer of the articles (without which they could not constitute a part of the declaration), pleaded general performance of the covenants; upon which an issue was joined to the country. Afterwards, the parties, by consent, agreed to refer the cause; and accordingly, by a rule of court, it was ordered, "that William S. Nicholls and Francis Dodge be appointed referees between the parties aforesaid, with liberty to choose a third person; and that they, or any two of them, when the whole matter concerning the premises, between the parties aforesaid in variance, being fairly adjusted, have their award in writing under their hands, and return the same to the court here; and judgment of the court to be rendered according to such award, and be final between the said parties." The referees so named, on the 28th of January 1833, chose John Kurtz the third referee; and afterwards, on the same day, made their award in the following words. "We, the subscribers, appointed arbitrators to settle a dispute between Otho M. Linthicum and John Lutz, in which the executors of the late John M'Pherson of Frederick are interested, do award the sum of eleven hundred and twenty-nine dollars and ninety-three cents, to be paid to the said Linthicum in full, for all expenses and damages sustained by him, in consequence of not leaving him in quiet possession of the house, at the corner of Bridge and High streets, in Georgetown (the demised premises), for the full term of the lease for five years. Any arrear of rent due from Linthicum, to be paid by him." Signed by all the referees. Judgment was given by the circuit court, for the full amount of the award so made, and costs; and the present writ of error is brought to revise that judgment.

The question, whether the articles of agreement personall bound Lutz, is not presented by the pleading, in such a manner, as that there might not be difficulty in deciding it, if it constituted the only point in judgment. But if this difficulty were surmounted, and the articles are to be deemed properly before us, we do not see how they can well be construed not to import a personal liability on the part of Lutz, for the want of any obligations contained in them. The articles purport to be made by Lutz, and to be sealed by him ; and not to be made and sealed by his principal. The description of himself, as agent, does not, under such circumstances, exclude his personal responsibility. But this very liability was necessarily submitted to the referees, and came within the scope of their award.

Several objections have been taken to the award. In the first place, it is said, that the award is uncertain and not mutual and final ; that it does not state by whom the money awarded is to be paid, whether by Lutz, or by the executors of M'Pherson ; and that it does not find the arrears of the rent due, and to whom due ; and that it does not appear to be an award made in this cause. We are of opinion that these objections are ill founded. The award is sufficiently shown to be an award in this cause ; for no other cause directly appears to have been pending, or in dispute between the parties ; and the subject matter of this very suit, is directly within the terms of the award. The award being made in this suit, and applicable in its terms to it, it is sufficiently certain that the money is to be paid by Lutz, for there is no other person on the record to whom it can be judicially awarded to be paid. The award is also mutual and final, as to all the matters referred. It is not a general arbitration at the common law, of all matters in dispute between the parties ; but a specific reference of the matters in dispute in the cause pending in court, under a rule of court. Now, those matters were the damages and losses claimed by Linthicum, for the breach of the covenant ; and the sum awarded is expressly declared to be " in full, for all expenses and damages" so sustained. As to the arrears of the rent due from Linthicum, they constituted no part of the matters submitted. They were not in controversy in the suit. And the statement in the award, as to any arrears of rent, was

merely an exclusion of a conclusion, which might possibly have been drawn, that the referees had deducted such arrears in making their award. It is therefore very properly stated, that any arrears of rent due by Linthicum are, notwithstanding the award, to be paid by him.

Another objection is, that the submission, the appointment of the third referee, the award itself, and the proceedings thereon, have not been according to the acts of assembly of Maryland, and to the order of the court. It is said that the appointment of the third referee ought not to have been made, until after the two other referees had met and heard the cause, and disagreed thereon: but we are of a different opinion. The submission under the rule of court did not contemplate the third referee to be a mere umpire in the case, upon a difference of opinion of the other two; but an original referee, to be chosen by the other two, and when chosen, to constitute a part of the board authorized to hear and decide the cause. How otherwise are we to understand the language of the rule? " They (that is the three), or any two of them, are to have their award in writing," &c., which words plainly contemplate the case of a hearing by all of them; and if the case were one in which an umpire was to be chosen, there is no impropriety, and on the contrary it has been thought that there is great propriety, in selecting the umpire before the other arbitrators have disagreed. This doctrine has been repeatedly held in England, (a) and it was affirmed in the court of appeals of Maryland in Rigden v. Martin, 6 Harris and John. 403. It is so reasonable in itself, that if the point were new, it would be difficult to displace it. Then, again, it is said that no notice appears to have been given to Lutz of the appointment of the third referee, or of the making or returning the award, and that these acts appear all to have been done on the same day. There is certainly no objection to these acts being done on the same day, if the parties had due notice and a due hearing before the referees, and the award was made upon due deliberation. Without question due notice should be given to the parties, of

(a) See Watson on Awards, ch. 4, sec. 2, p. 56 to 58; Kyd on Awards 82 to 88, 2d edition; Doe v. Doe, 2 Term Rep. 644; Harding v. Watts, 15 East's Rep. 556.

the time and place for hearing the cause; and if the award was made without such notice, it ought, upon the plainest principles of justice, to be set aside. But it is by no means necessary that it should appear upon the face of the award that such notice was given. There is no statute of Maryland (whose laws govern in this part of the district) which requires such facts to be set forth in the award. The act of 1779, ch. 21, sec. 8, merely authorizes submissions by a rule of court of causes pending in the court; and the act of 1785, ch. 80, sec. 11, provides only for cases where either of the parties dies pending the submission, and before the award. If no notice is in fact given, and no due hearing had, the proper mode is to bring such facts (not appearing on the face of the award) before the court, upon affidavit and motion to set aside the award. But, prima facie the award is to be taken to have been regularly made, where there is nothing on its face to impeach it. This very objection was made and overruled in Rigden v. Martin, 6 Harr. and Johns. Rep. 403.

Another objection is, that the same act of Maryland of 1785, ch. 80, sec. 11, requires that in all cases of awards made under a rule of court, the party in whose favour the award is made, shall cause a copy thereof to be delivered to the adverse party or his attorney, at least three days before judgment is moved for upon the award; and the clerk of the court is not to enter judgment upon any award without a motion to, and direction from the court; and the court shall always have satisfactory proof that a copy of the award hath been so delivered, before judgment shall be so directed to be entered; and it is said that there has not been a compliance with this requisite by a delivery of the copy. How that may have been, we have no means of knowing, for nothing appears upon the record respecting it, and there is no ground to say that it ought to constitute any part of the record, or that it is properly assignable as error. It is matter purely collateral and in pais. If no such copy had been delivered, the proper remedy would have been to take the objection in the court below upon the motion for judgment, or to set aside the judgment for irregularity, if there had been no waiver, or no opportunity to make the objections before judgment. But in the present case sufficient does appear upon the record to show that the party had full opportu-

nity to avail himself of all his legal rights in the court below. The cause was referred at November term 1832 ; pending the term, to wit on the 18th of January 1833, the award was filed in court; the cause was then continued until the next term, viz. the fourth Monday in March 1833; at which time the parties appeared by their attorneys, and upon motion, and after argument of counsel, judgment was entered. We are bound to presume, in the absence of all evidence to the contrary, that all things were rightfully and regularly done by the court, and that the parties were fully heard upon all the matters properly in judgment.

Upon the whole, our opinion is, that the judgment of the circuit court ought to be affirmed.

This cause came on to be heard on the transcript of the record from the circuit court of the United States, for the district of Columbia, holden in and for the county of Washington, and was argued by counsel ; on consideration whereof, it is ordered and adjudged by this court, that the judgment of the said circuit court in this cause be, and the same is hereby affirmed, with costs and damages at the rate of six per centum per annum.