Mr. Justice Clayton
delivered the opinion of the court.
This is an action of debt upon an arbitration bond, in which the plaintiff in the court below recovered judgment. Several objections are urged to the validity of the award, in order to defeat the recovery.
It is insisted, in the first place, that the defendant had no no *625 tice of the time and place of the sitting of the arbitrators. There is great want of harmony in the decided cases, in regard to the necessity of notice, whenfhe submission is voluntary and not by rule of court. Some of the cases hold, that in such case a conformity to the terms of submission, is all that is requisite; if they do not require notice, none is necessary. Miller v. Kennedy, 3 Rand. 2; Elmendorf v. Harris, 5 Wend. 520. Others hold that the plea of want of notice is not good at law, and that such defence can only be made by resort to the equitable powers of the court on motion, or by a bill in equity. Curtis v. Potts, 3 Man. & Sel. 146; Braddick v. Thompson, 8 East, 344; 1 Saund. R. 227b, n. 3. See Upshaw v. Hargrove, 6 S. & M. 286.
Others, again, hold the notice to be necessary, and that the want of it is a defence at law. Peters v. Newkirk, 6 Cowen, 103; Elmendorf v. Harris, in court of errors, 23 Wend. 628; Lutz v. Linthicum, 8 Peters, 167; 3 Phil. Evid. 1027. But this point need not now be determined.
In this case, the fact of notice was referred to the jury by the pleadings, and they found against the plea. The evidence is, that the respective attorneys in the suit, the controversy in which was the subject matter of the reference, were appointed the arbitrators, and acted in that capacity. The attorney of Thomas B. Hill participated in the proceeding, and signed the award without objection. The authorities are explicit, that notice to the attorney is equivalent to notice to the party. Kyd on Awards, 95; Rigden v. Martin, 6 Harr. & Johns. 406. The jury, therefore, was well justified in its finding.
A demurrer was filed to the replication to the fourth plea, in which replication the award is set out verbatim. Several causes of demurrer are assigned. The first is “ the pretended award extends to a subject not submitted, to wit, the costs of the appeal of the case to the high court of errors and appeals.”
This mode of proceeding was correct, and if there be a fatal defect on the face of the award, the demurrer must be sustained. 1 Ch. Pl. 645; Fisher v. Pimbley, 11 East, 188. The question then is, does it appear from the face of the award, compared with the terms of submission, that the costs of the appeal were *626 not within the submission. The arbitration bond set out in the declaration, recites, “that there had been a suit pending in the circuit court of Panola county, wherein John C. Hill was plaintiff, and Thomas B. Hill was defendant, and that said parties were desirous that there should be an end of litigation between them, and that they had agreed to refer the same to Calvin Miller and Orville Harrison, the attorneys of the respective parties, to settle the matters in controversy.”
Now the matters in controversy in the suit which was pending, could only be determined by reference to the pleadings in that case. These matters of controversy are not set out, either in the submission or in the award; consequently, this court cannot say upon the demurrer, that the award embraced matters not submitted. In Butler v. The Mayor of New York, 7 Hill, 331, the court say, “it is evident, from the face of the award, that the terms of submission had not been complied with.” They go on farther, and say, if it do not so appear from the face of the award, “parol and extrinsic proof may be admitted to show that the arbitrators went beyond the authority delegated.”
It is also objected by the demurrant, that the award lacks certainty, mutuality, and does not make a final end of the matters in dispute.
The want of certainty is said to consist in this, that the award gives to the defendant the right to pay the sum due, in notes of good and solvent banks of the state mf Tennessee, but does not designate what banks are of that character. A reasonable degree of certainty is all that is required. Kyd, 132. But if this part of the award, as to the kind of funds in which payment might be made, be void, it does not vitiate the award. It would leave the obligation upon him to pay in specie. Where only a part of the award is void, it is good as to the residue; and the power of the arbitrators to direct payment in any thing but specie may be well doubted. This direction would not vitiate the whole award, but only the part which relates to the kind of funds to be paid. Kyd, 244.
In regard to the other objections, the award directs that, upon *627 payment of the sum awarded, the parties were to execute full receipts to each other, “ respecting said suit, and for every thing thereby put in controversy.” It is difficult to conceive that any thing would then remain undetermined, in regard to the controversy, or that the rights of the parties were not mutually protected. The judgment of the court overruling the demurrer was correct, and so, we think, was the decision, upon the application for a new trial.
The judgment is affirmed.