## McKinney *versus* Page.

An award, made by referees, without notice to one of the parties, of their meeting to examine into the subject-matter referred, is not binding upon such party.

The appointment of a person " to see whether" certain work was according to previous contract, does not confer the powers of a referee; and the opinion he might give would not be conclusive, but may be controlled by evidence.

Exceptions, from the District Court.

Assumpsit. It had been agreed in writing, that the plaintiff should build for defendant a barn of specified dimensions.

The defendant had made several partial payments, and this suit was brought to recover the balance for building the barn.

The defendant introduced much evidence to show that the barn had not been built in such manner as the contract required. Upon that point, it appeared for the plaintiff, *that* one Averill and one Morrell had been selected by the parties " to examine the barn and see if it was finished according to the contract," " to see whether the contract had been complied with"; *that* they made the examination in presence of the parties, and decided, that the barn was not done as the contract required ; *that* they pointed out many deficiencies ; *that* sometime afterwards, without any notice to the defendant, or knowledge by him, they again examined the barn in company with the plaintiff, and indorsed upon the contract that it had been fulfilled by the plaintiff.

A witness also testified, that the defendant on a subsequent occasion, stated the matter to have been submitted to *referees*, by whom the point had been decided against him.

The Judge was requested to instruct the jury that, if the supposed referees, after having determined that the contract was not fulfilled, made a second examination without notice to the defendant and entirely *ex parte*, the defendant is not bound by their award. The Judge declined to give that instruction, but did instruct the jury, that if the referees made their award without fraud, and did not exceed the authority given them, their decision was binding and conclusive on the defendant though not present at the last examination.

Verdict was for plaintiff and the defendant excepted.

*W. Hubbard*, for the defendant.

*H. Ingalls*, for the plaintiff.

All the presumptions of law are in favor of supporting an award. An award of referees can be impeached only for corruption or partiality or for transcending their authority. 6 Greenl. 21 ; 13 Maine, 41–49 ; 17 Maine, 52, 54 ; 10 Pick. 348 ; 1 Peters, 222—228 ; 13 Johns. 27.

HOWARD, J., orally. — The persons selected to see if the contract was fulfilled seem to be viewed by the counsel, as having the power of referees. If so, they could not without

notice to the defendant, lawfully proceed to the examination, upon which their decision was to be founded. But they are not considered by the court to have been invested with the power of referees, and their doings therefore are not conclusive. Their opinion was subject to be controlled by evidence.

*Exceptions sustained.*