## DORMOY v. KNOWER.

1. **Arbitration**: NOTICE ESSENTIAL. An arbitration, though in accordance with the provisions of a written instrument, if had without notice to one of the parties, and in his absence, is *ex parte* and not binding.

2. **Practice in the Supreme Court**: QUESTIONS CONSIDERED ON APPEAL. The Supreme Court, on appeal, will consider a case only upon the issues on which it was tried in the court below.

*Appeal from Kossuth Circuit Court.*

THURSDAY, APRIL 21.

ACTION of replevin for certain cows and other cattle. The cause was submitted to the court without a jury and judgment rendered for defendant. Plaintiff appeals.

*George E. Clarke* and *H. L. Hudson*, for appellant.

*H. S. Vaughn*, for appellee.

BECK, J.—I. The petition alleges that plaintiff is the absolute owner of the cattle, and that defendant holds the possession thereof under a certain lease or written contract executed by the parties. The instrument stipulates that defendant shall " take the very best care " of the cattle, prescribes the manner of their treatment and management, and the division of their increase and profits between the parties. At the end of two years the cattle are to be returned to plaintiff. It also provides that, if defendant fails to perform the terms of the contract, it shall become null and void. It contains the following condition:  " At any time if any question is raised as to non-fulfillment of any of the above mentioned items of this contract, it shall be left with Mr. Des Larzes, of Portland township, for decision."

The petition alleges that the condition of the lease being violated the instrument became null and void, and was terminated by arbitration; that plaintiff applied to Des Larzes, named in the contract, to determine the question whether the

contract was forfeited by the violation of its terms by defendant, who after hearing the parties decided that defendant had violated the contract, and that it had thereby become void, and that defendant should deliver the cattle to plaintiff at once. The petition alleges that defendant refuses to abide by the award and deliver the cattle pursuant thereto, and that said arbitration and award has not been set aside, overruled or in any way invalidated, but still subsists as a binding and final determination of the merits of said controversy."

The answer admits plaintiff's ownership of the cattle, and that defendant holds possession under a lease as set up in the answer, and alleges that the arbitration was had without defendant's knowledge or consent and in fraud of his rights; that the findings of the arbitrator are erroneous and untrue, and that defendant has performed the conditions of the lease.

At the trial the plaintiff introduced the lease in evidence, and gave testimony in his own behalf to the effect that the cattle were not taken care of by defendant as required by the lease; that he so informed defendant, and made propositions in regard to the care of the cattle, which were not accepted by defendant, and thereupon informed defendant that he " was going to raise the question of the condition of the cattle under the contract." Thereupon he applied to Des Larzes, who found and decided that the conditions of the contract were not complied with by defendant, and the lease was, therefore, void, and defendant should deliver the cattle to plaintiff. There was no evidence tending to prove that defendant was present when the matter was investigated by Des Larzes, and that he assented to the arbitration or participated therein, or was notified therof by plaintiff or Des Larzes.

II. The Circuit Court held that, as defendant was not a party to the arbitration, it would not bind him, and the evidence offered to establish is was immaterial, and, therefore, inadmissible. For the reason that defendant was not a party to the arbitration, the decision of the arbitrator was not admitted in evidence.

1. ARBITRATION: notice essential.

We think the ruling of the Circuit Court upon this point is correct. Defendant ought to have been heard by the arbitrator, and should have had notice of the investigation and hearing of the matter in dispute. This position is based upon the plainest principles of law and justice. No man should be bound by a decision who has not had an opportunity to establish his rights involved therein. It is true that the lease makes no provision for notice of the arbitration, nor does it in express words provide that the parties may be heard. But the law will not so interpret the contract as to cut off these rights. The contract cannot be interpreted to authorize the plaintiff to institute an *ex parte* hearing before the arbitrator. It contemplates that both parties shall be heard. It was, therefore, plaintiff's duty to notify defendant so that he could have participated in the arbitration.

III. Plaintiff insists that the Circuit Court should have

1. PRACTICE in the supreme court: questions considered on appeal.

found for plaintiff, as the evidence shows that defendant had violated the contract, which, by its terms, had become null and void.

It clearly appears that plaintiff bases his right to recover in the petition upon the decision of the arbitrator. Whatever averments are found in the petition as to the breach of the contract are simply pleaded as inducements to the decision of the arbitrator. The issue presented in the pleadings involves alone the arbitration and its sufficiency to authorize plaintiff to recover.

It is very plain the parties understood that this issue alone was presented to the Circuit Court. The defendant introduced no evidence at the trial, and all the evidence on the part of plaintiff as to defendant's breach of the contract evidently was introduced as an inducement to the arbitration. There can be no doubt that the cause was not tried in the court below upon an issue involving the breach of the lease by defendant. We must regard the issues upon which the case was tried in the Circuit Court, and can decide it upon no other.

IV. Counsel discuss the question whether an action at law may be maintained in this case, the parties having provided for the settlement of their differences by arbitration. The view just expressed, namely: that the plaintiff bases his right to recover alone upon the decision of the arbitrator, eliminates this question from the case.

In our opinion the judgment of the Circuit Court ought to be

AFFIRMED.