[Department One.—August 28, 1883.]

## N. GREEN CURTIS AND THOMAS J. CLUNIE, APELLANTS, *v.* CITY OF SACRAMENTO, RESPONDENT.

ARBITRATION—AWARD—NOTICE OF HEARING.—The validity of an award by arbitrators depends not only upon their due and proper appointment, but upon the regularity of their proceedings. An award is invalid and void, unless both of the parties have notice of the time and place of the meeting of the arbitrators, and an opportunity to be heard.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Freeman & Bates,* for Appellants.

An award is in the nature of a judgment. A court of equity will not interfere with an award because of irregularities or technicalities. Arbitrators may decide for themselves what evidence they will receive. (Kyd on Awards, 327; Caldwell on Arbitrations, 407; Morse on Arbitrations, 595; Story's Eq. Juris. § 1452; *Miller* v. *Kennedy*, 3 Rand. 6; *Burroughs* v. *David*, 7 Iowa, 159; *Sherron* v. *Wood*, 5 Halst. 7; *Braddick* v. *Thompson*, 8 East, 344; *Grazebrook* v. *Davis*, 8 Dowl. & R. 295; *Riddel* v. *Suttow*, 2 Moore & P. 345; *Hough* v. *Beard*, 8 Blackf. 158; *Page* v. *Pendergast*, 2 N. H. 235; *Bumpass* v. *Webb*, 4 Port. 65; 29 Am. Dec. 274; *Mulder* v. *Cravat*, 2 Bay, 372; *Tittenson* v. *Peat*, 3 Atk. 529; *Elmendorf* v. *Harris*, 35 Am. Dec. 587, and note; *Gardner* v. *Masters*, 3 Jones Eq. 468; *Davys* v. *Faw*, 7 Cranch, 171; *Emery* v. *Wase*, 5 Ves. 846; *Atty.-Genl.* v. *Jackson*, 5 Hare, 366; *Emerson* v. *Udall*, 13 Vt. 484; Story's Eq. Jur. § 1451; *Hine* v. *Stephens*, 33 Conn. 504; *Smith* v. *Whitmore*, 1 Hem. & M. 595; *Daniels* v. *Willis*, 7 Minn. 374; *Gregory* v. *Ford*, 14 Cal. 138; Morse on Arbitration, 169; Russell on Arbitration, 202; *Pike* v. *Gage*, 29 N. H. 461; *Johnson* v. *Noble*, 13 N. H. 286; *Vaughn* v. *Graham*, 11 Mo. 575; *Harding* v. *Wallace*, 8 Mon. B. 536; *Ranney* v. *Edwards*, 17 Conn. 316.)

*W. A. Anderson,* and *A. P. Catlin,* for Respondent.

Both parties are entitled to a hearing before all of the arbitrators. Notice should be given of their meeting. (*Falconer* v. *Montgomery*, 4 Dall. 232; *Salkeld* v. *Slater*, 12 Ad. & E. 767; *Passmore* v. *Pettit*, 4 Dall. 271; Caldwell on Arbitration, 112; Morse on Arbitration, 241–247; *Harvey* v. *Shelton*, 7 Beav. 455; *Lutz* v. *Linthicum*, 8 Peters, 178; *Peters* v. *Newkirk*, 6 Cowen, 103; *Elmendorf* v. *Harris*, 23 Wend. 628; *Hollingsworth* v. *Leiper*, 1 Dall. 161; *Hills* v. *Home Ins. Co.* 10 Rep. 699; *McKinney* v. *Page*, 32 Me. 513; Russell on Arb. 210; *Selby* v. *Gibson*, 1 Har. & J. 362; *Conrad* v. *Mass. Ins. Co.* 4 Allen, 20; 6 Cowen, 103; 1 Hill, 489.)

McKEE, J. — The plaintiff sued upon an award made in pursuance of an instrument in writing, purporting to have been made on the 29th of July, 1878, " by and between the plaintiffs and the board of trustees of the city of Sacramento, representing and acting for said city." Pursuant to the terms of the instrument the question of the value of some professional services which had been rendered by the plaintiffs for the city of Sacramento was referred to two arbitrators — one to be selected by the plaintiffs, and the other by the board of trustees — who were to meet as soon as convenient, and after hearing such statements as would be made on behalf of either party, were to determine and report in writing to each of the parties; but in case of a disagreement, power was given them to select a third arbitrator; and it was stipulated that the award of any two of the three arbitrators would be regarded as the award of all, and entered as a judgment against the city, after being allowed by the board of trustees.

Two persons were selected pursuant to the terms of the submission; and the court found that, soon after the selection they had a meeting, at which they received the unsworn statements of those who were present to testify. The plaintiffs were present at the meeting, but the mayor of the city was not present; and no notice of the meeting was given to or served upon him, either by the arbitrators or by the plaintiffs, and he had no opportunity to be present. Two of the trustees were present as witnesses, one of whom withdrew after making his unsworn statement to the arbitrators. The arbitrators were unable to

agree, and they selected a third person, who, upon being notified, accepted the appointment; and the three arbitrators were then sworn and qualified according to law.   But they gave no notice to the defendant of a hearing, or of a meeting to be held for hearing the parties and their witnesses, nor did they take any testimony.   The original arbitrators handed to the third arbitrator a transcript in long-hand of the phonographic reporter's notes of the statements made to them.   Upon that transcript the third arbitrator *ex parte* took the unsworn opinions of professional men, and those opinions and the transcript of the statements made to the original arbitrators formed the basis upon which the arbitrators made their award.

The court held that the award was invalid and void, for want of notice to the defendant, of the time and place of hearing the cause.

It is contended that the decision is erroneous, because as the award was a judgment, rendered by a tribunal of the parties' selection, having jurisdiction of the subject-matter submitted to it, and of the parties by whom the submission was made, the want of notice of the time and place of meeting for the hearing, and determination of the matter submitted, does not invalidate the award, and constitutes no defense to an action at law upon it.   But the validity of an award does depend not only upon the due and proper appointment of the arbitrators, but upon the regularity of their proceedings (*Crowell* v. *Davis*, 12 Met. 296), and we think if these proceedings are had *ex parte*, and without notice to the parties of a hearing, their award is invalid and void.   That, it is contended, is contrary to the English rule which makes an award conclusive at law.   We do not understand that such a rule prevails in the English courts.   It is true that in *Tittenson* v. *Peat*, 3 Atk. 529, which was decided in 1747, where the defendant pleaded an award, and objection was made that the arbitrators did not give sufficient notice of the time they intended to meet, or of the particular place at which they were to meet, Chancellor Hardwicke overruled the objection as immaterial, saying that "the arbitrators were not bound to give notice; and that the only ground to impeach an award is collusion or gross misbehavior in the arbitrators, for, otherwise, being made the judges of the parties' own choosing, it is

final and binding upon all the parties." But that seemed to the courts most unreasonable; and in *Paschal* v. *Terry*, Kelynge, W. 132, decided in 1760, the court of king's bench set aside an award which had been made without notice given to one of the parties of the appointment of an umpire, or of a hearing, upon the ground that it was repugnant to the submission; and that it was unreasonable and contrary to natural justice to make an award without giving notice to the parties to attend. "The umpirage," said the court, "was made upon the defendant's evidence alone, *parte altera inaudita;* the plaintiff was neither heard nor had any opportunity given him to be heard." The principle of that decision, viz., that every man ought to have an opportunity to be heard in defense of his rights, has been ever since acted upon by the English and American courts; and it runs through all the cases in the books. (*Whatley* v. *Morland*, 2 Dowl. Pr. 249; S. C. 4 Tyrw. 255; *Salkeld* v. *Slater*, 12 Ad. & E. 767; *Fetherstone* v. *Cooper*, 9 Ves. Jr. 67; Russell on Arb. 165; Morse on Arb. 116, 118; *West Jersey R. R.* v. *Thomas*, 6 C. E. Green, 205.)

In *Falconer* v. *Montgomery*, 4 Dall. 232, where an umpire had, without hearing the parties in person, decided the case upon the facts as stated to him by the original referees, the Supreme Court of Pennsylvania said: "The plainest dictates of natural justice must prescribe to every tribunal the law that no man shall be condemned unheard"; and Justice Story, in *Lutz* v. *Linthicum*, 8 Peters, 178, said: "Without question due notice should be given to the parties of the time and place of hearing the cause, and if the award was made without such notice, it ought upon the plainest principles of justice to be set aside." (See also *Rigden* v. *Martin*, 6 Har. & J. 403; *Passmore* v. *Pettit*, 4 Dall. 271; *Walker* v. *Walker*, 28 Geo. 140; *McKinney* v. *Page*, 32 Me. 513; *Maynard* v. *Frederick*, 7 Cush. 247; *Crowel* v. *Davis, supra; Conrad* v. *M. Ins. Co.* 4 Allen, 20; *Frissell* v. *Fickes*, 27 Mo. 557; *Day* v. *Hammond*, 57 N. Y. 479.)

It is true, as has been urged, that an award is the judgment of the tribunal selected by the parties to the submission; but greater effect cannot be given to it than is given by law to the judgment of an inferior court. As an inferior tribunal the authority of the arbitrators was limited by the agreement of

submission; and the agreement cannot be interpreted to authorize the plaintiffs to institute an *ex parte* hearing before the arbitrators. The right to notice of a time and place for a hearing upon the matter submitted was implied in the agreement to submit, unless it was expressly waived by the terms of the submission. (*Peters* v. *Newkirk*, 6 Cowen, 103; *Paschal's Case, supra.*)

To take away a man's property or his rights in property, without a hearing, trial, or judgment, or opportunity of making known his rights therein, is violative of that section of the bill of rights which declares that "no person shall be deprived of life, liberty, or property, without due process of law." An award made *ex parte* and without the appointment of a time and place for hearing the allegations and evidence of the parties is therefore invalid and void; and in an action at law upon such an award the want of notice may be pleaded as a defense at law. "It is," says Chancellor Walworth, "purely a legal question, upon the ground that it was not within the authority of the arbitrators to make any award without notice. (*Elmendorf* v. *Harris*, 23 Wend. 628.)

Judgment and order affirmed.

Ross, J., and McKinstry, J., concurred.

Hearing in Bank denied.