## JOEL V. TAYLOR

### v.

## VESSEL OWNERS' TOWING COMPANY ET AL.

*Arbitration—Time and Place of Hearing—Notice to Parties—Waiver—Estoppel—Arbitrators Must Act Together—Bill to Set Aside Award.*

1. It is the duty of arbitrators to give due notice to the parties of the time and place of hearing before proceeding in a cause submitted to them.

2. A waiver of notice by a party to an arbitration should be shown to be clear and unequivocal. Where it is set up against him as an estoppel that others appeared for him, such estoppel must be clearly established.

3. It *seems* that notice informally given by an adversary is insufficient, unless the party receiving it appears and participates in the hearing without objection.

4. Arbitrators must act together and they can not take testimony separately, unless by express consent of the parties to the submission.

5. An award will be sustained where only irregularities are urged against it, but where the departure from governing rules is such as to deprive a party of a fair opportunity to be heard, or to permit a hearing in part before one only of two arbitrators chosen, the award will be set aside.

[Opinion filed March 28, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Mr. WILLIAM H. CONDON, for appellant.

The arbitrator should notify both parties of the time and place of hearing, otherwise the award will be set aside. Reeves v. Elbridge, 20 Ill. 383; Williams v. Schmidt, 54 Ill. 205.

When an arbitrator proceeds without giving the party against whom the award is made notice of the proceedings under the submission, the award is void. Ingraham v. Whitmore, 75 Ill. 24.

Arbitrators must act together; they must each be present at every meeting, and the witnesses and parties must be examined in the presence of them all. Parties are entitled to have the experience and judgment of each arbitrator at every stage of the proceeding. Smith v. Smith, 28 Ill. 56.

Messrs. SCHUYLER & KREMER, for appellees.

MORAN, P. J. This was a bill filed to set aside an award on the ground that complainant, who was a party to the submission, was not notified of the time and place of hearing by the arbitrators, and not notified by them or any other person to produce his witnesses before them. To the bill a plea was filed alleging that the arbitrators did appoint a time and place, and that complainant had knowledge thereof, and could, if he saw fit, have been present with his witnesses, and traversing all the statements of the bill in that regard.

The subject-matter of the arbitration was a question of liability for a collision which occurred between a vessel belonging to complainant and another vessel, while said complainant's

Taylor v. Vessel Owners' Towing Company.

vessel was being towed into the port of Chicago by a tug owned by the Vessel Owners' Towing Company.

It is very clear from the evidence that the arbitrators never gave complainant any notice of the time or place of hearing, or any notice to produce his witnesses before them.   One of the arbitrators testified that he did not notify the complainant when he commenced taking testimony, and that, in fact, he would not notify him, as he did not consider it his duty to notify him or any of the principals.   He did not notify complainant of the time when the testimony was taken, or that the arbitration was going on.   He further testified that the arbitrators did not care about inviting the principals.

Morse in his work on Arbitration and Award, at page 118, says:  "In the United States the duty of giving notice of the time and place of hearing seems to belong to the arbitrators. They have it in charge to see that sufficient notification is made to each party, though the manner in which it shall be made   *   *   *   may apparently be selected by them at their own option.   It is the fact of notice which alone appears to be essential.   *   *   *   The necessity that by some means or other sufficient notice should be actually brought home to all parties, is absolutely imperative.   If there has not been such notice, there can not be a legal hearing nor a valid award."

The decided cases, so far as we have been able to examine them, seem to fully support the foregoing statement of the law.   It was said by the Supreme Court of Maryland, in Wilson v. Boor, 40 Md. 488, "it would be in utter subversion of the principles of enlightened jurisprudence to hold that arbitrators selected by the parties for the determination of their disputes have the power to disregard such a vital and cardinal principle in the administration of justice, as to undertake to discharge their duties without notice to the parties of the hearing and fair opportunity of trial."

In Curtis v. Sacramento, 64 Cal. 102, the court said:  "It is true as has been urged, that an award is the judgment of the tribunal selected by the parties to the submission; but greater effect can not be given to it than is given by law to the judg-

ment of the inferior court. As an inferior tribunal, the authority of the arbitrators was limited by the agreement of submission, and the agreement can not be interpreted to authorize the plaintiffs to institute an *ex parte* hearing before the arbitrators. The right to notice of a time and place for a hearing upon the matter submitted was implied in the agreement to submit, unless it was expressly waived by the terms of the submission."

In Wood v. Helme, 14 R. I. 329, it is said: "Without question it was the duty of the arbitrators under the submission in this case, to give due notice to the parties of the time and place of hearing the cause before proceeding therein. * * * Furthermore, the plainest principles of justice require this. It was a judicial proceeding directly affecting the interests of both parties to the submission ; and the very first step in all proceedings of this sort, is to give proper notice to the parties of the time and place of hearing or trial; and until this is done no jurisdiction to act is acquired." And in Jordan v. Hyatt, 3 Barb. 288, the court, in speaking of the award made without the appointment of a time and place for hearing and without notice, said: "It is the nature of the judgment of an inferior court which has not obtained jurisdiction of the parties. It is not necessary to show fraud or corruption in such a case to set aside an award. The arbitrators are bound to give the parties an opportunity of being heard in relation to the matter submitted; and without this they have no authority to decide the question in controversy." See also the following: Ingraham v. Whitmore, 75 Ill. 24; Elmendorf v. Harris, 23 Wend. 628; Lutz v. Lithicum, 8 Pet. 178; Bullit v. Musgrave, 3 Gill. 31; Webber v. Ives, 1 Tyler (Vt.) 442; Frey v. Vanlear, 1 Serg. & R. 433; 6 Wait's Actions and Defenses, 522, 523, and cases there cited.

It is contended in this case, however, that while the arbitrators did not give or cause to be given to complainant any notice, yet he knew that the arbitration was going on and could have appeared before the arbitrators in person, and it is said that the captain of his vessel appeared before the arbitrators and brought some of the crew as witnesses, and that the

arbitrators heard all the evidence which the captain produced to them.

It is disclosed in the evidence that complainant's captain and crew were examined by the arbitrators as to the circumstances of the collision, but complainant swears that he never authorized the captain to appear before them, and that he did not know that he had appeared till after notice of the award was given him.

Higgie, who was president of the Vessel Owners' Towing Company and was looking after the interests of his company in the arbitration as the adversary of complainant, testifies that he was notified by the arbitrators on the 25th of August, that they would meet the next morning at the office of said company, and that he met complainant on the sidewalk and notified him that they would so meet.

Complainant denies that Higgie gave him any such notice, but admits that he asked Higgie on one occasion about the arbitration, and when he would bring his witnesses, and was told that the arbitrators were then in his (Higgie's) private office hearing testimony.

We have found no case which holds that notice informally given by an adversary will be sufficient, unless such notice is acted on and the party appears before the arbitrators and takes part in the hearing. If a party appears before the arbitrators and participates in the hearing without objection, then it does not matter how the notice of the meeting or the knowledge that the arbitration is in progress reaches him. The object of notice is to give the party an opportunity to be present, and hear what testimony is brought before the arbitrators by his opponent, and to present his own case to them.

A party may, of course, waive notice and appear before the arbitrators on casual or accidental information that the inquiry is proceeding, but he can not be held bound to appear on such casual information, and if he does not appear, no notice having been given him by the arbitrators, he can not be held bound by the award.

There is evidence tending to show that appellant said that his captain would represent his case before the arbitration, but

there is no evidence that he ever told the arbitrators so. All the testimony that tends to show that appellant was actually represented by his captain upon the hearing, comes from his adversary. The arbitrator who testifies states that he supposed the captain was representing appellant, but he was not told so by appellant, or by the captain.

The captain did appear before the arbitrators when the testimony of the crew of appellant's vessel was taken, but it does not appear who notified the captain or crew to be present, nor does it appear that the captain was present when the testimony of complainant's opponents was heard.

It is very obvious that the arbitrators wholly misconceived their duty in the matter of giving notice; that they did not regard it as necessary to give notice, and that they gave no notice to appellant. Such being the case the acquiescence of appellant and the waiver by him should be shown to be clear and unequivocal. The action of his captain is set up against him as an estoppel, and such an estoppel must be clearly established.

There is another objection to the validity of the award. It appears that pending the inquiry one of the arbitrators left the city, and while he was absent Higgie applied to the other arbitrator to take the testimony of a witness who was desirous of going away. The testimony was taken and reduced to writing by the one arbitrator, and was considered by both arbitrators in making up the award. It is a fundamental rule of arbitrations that the arbitrators must act together, and they can not take testimony separately, unless by the express consent of the parties to the submission. "They must each be present at every meeting, and the witnesses and the parties must be examined in the presence of all, for the parties are entitled to have recourse to the arguments, experience and judgment of each arbitrator, at every stage of the proceedings, brought to bear on the minds of his fellow-judges, so that by conference they shall naturally assist each other in arriving at a just conclusion." Smith v. Smith, 28 Ill. 56.

True, Higgie swears that he asked appellant to consent that one arbitrator should take the witness' testimony, and that

he agreed to it, but this is positively denied by appellant. The arbitrator swears that it was he suggested to Higgie that he would take the testimony of the witness, and it nowhere appears that the arbitrator was informed by Higgie that appellant consented to it. Upon this evidence we are unable to find that appellant consented that said witness might be examined by one arbitrator. This irregularity is of itself sufficient to invalidate the award. Morse on Arbitration, 151–2, and cases cited; National Bank v. Donaghan, 30 Hun, 29.

The whole proceeding in the case at bar seems to have been very loose on the part of the arbitrators, and, while they were not guilty of intentional wrong, they clearly misapprehended their duty. Awards will be sustained where only mere irregularities are urged against them, but where the departure from governing rules is such as to deprive a party of a fair opportunity to be heard, or to permit a hearing in part before one only of the two arbitrators chosen, the award should not be allowed to stand.

We think the appellee failed to sustain its plea, and that the court should have granted the prayer of the bill and set aside the award; and the judgment will be reversed and the case remanded, with directions to the Circuit Court to enter such decree.

*Reversed and remanded.*