No. 964.

## SHIVELY v. KNOBLOCK ET AL.

TENDER.—*Purpose of.*—When a tender has been made for one purpose, it can not be diverted to another.

ARBITRATION.—*Nature of.—Estoppel.—Notice.—Waiver.*— An arbitration partakes of the nature of judicial proceedings, and is regarded with great respect by the courts; and when an award is valid, it is, so far as the question of estoppel is concerned, equivalent to a valid judgment. The award, to be valid, must be rendered after notice has been given to the parties submitting their rights to arbitration, unless notice is waived. The parties, by agreement, may fix the time and place of hearing and the manner in which notice may be given.

SAME.—*Notice.—Waiver.—Evidence.*—Where an arbitration and award is set up in answer by way of cross-complaint, which is answered, averring want of notice, the question of notice or waiver of notice is for the determination of the trial court, where the evidence relating thereto is uncertain and conflicting.

From the St. Joseph Circuit Court.

*A. L. Brick*, for appellant.

*A. Anderson* and *L. Hubbard*, for appellees.

LOTZ, J.—On the 30th day of January, 1888, the appellant, being the owner of the Grand Central Hotel, situated in the city of South Bend, by indenture leased the same to the appellees for the term of three years from that date, with the privilege of renewing the same for three years longer, the said lessees agreeing to pay the sum of $1,400 per annum as the rent therefor, payable monthly at the end of each current month on the last day thereof, in equal monthly installments of $116.67 each. It was stipulated in the lease that the premises were in good order when received by the lessees, and that the lessees should, at the expiration of the lease,

surrender the premises in as good condition as when received, damages by fire and ordinary wear excepted.

The appellees availed themselves of the privilege in the lease, and renewed the same for a further period of three years.

The appellant brought this action on the lease to recover rent alleged to be due for the months of January, February, March, and April, 1892.

The appellees answered:

1. The general denial.

2. That, before the commencement of the action, they tendered to the appellant the full amount of the rent due, to wit, the sum of $466.68, in legal tender money, and continued and made said tender good by bringing the same into court for the appellant.

The appellees also filed a cross-complaint, which states, in brief, the execution of the lease, and the renewal thereof by them; that subsequently differences arose between them and the appellant with reference to injuries and damages done to the premises while occupied by appellees; that, in order to adjust and settle these differences, they and the appellant entered into a written agreement for the arbitration of such differences. By the terms of the agreement it was stipulated "That in order to settle the amount of damages and repairs that John C. Knoblock and Otto M. Knoblock shall pay to D. M. Shively, by reason of their occupancy of D. M. Shively's building, * * * and also by reason of any negligence or other damages accruing to said Shively from said Knoblocks in reference to said premises, that they will allow the same to be adjusted and settled by three men (naming them). They (the arbitrators) to take the said lease, and estimate the damages and repairs according to the terms of the lease, and all other damages accruing to the said Shively from the said Knob-

locks, by reason of their occupancy of said building, which may be legally due in favor of said Shively and against Knoblocks, in reference to and flowing from said premises."

It is further averred that it was the intention of the parties that said contract should contain a stipulation that the lease should be canceled and the appellees should deliver up said premises to the appellant; that by the mistake of the scrivener who wrote said article, and by the mutual mistake of the parties, said stipulation was omitted from said contract; that said arbitrators, in pursuance with said agreement, did make an estimate and finding of the damages in the sum of $91.15, which sum, together with the amount of the rents due and the keys to said premises, the appellees tendered to the appellant, and continued and made good said tender by bringing the money into court.

The prayer is that said contract be reformed so that said omitted stipulation be inserted therein; that said lease be cancelled; that the plaintiff take nothing by his complaint, and that the appellees have all relief to which they may be entitled.

The plaintiff answered the cross-complaint by a general denial, and by a special answer, in which he averred that he had no notice of the meeting of the arbitrators; that he revoked said arbitration agreement, and that said award was void.

There was no reply to the second paragraph of answer to the complaint, nor any reply to the second paragraph of the answer to the cross-complaint. None of these pleadings were tested by demurrer, nor is their sufficiency assailed in this court. The issues were tried by the court. The court made a general finding for the defendants (appellees). The judgment rendered was that

"the plaintiff take nothing by his action herein, and that the defendants recover of the plaintiff their costs."

A motion for a new trial was overruled. This ruling is the only error assigned in this court.

It appears, from the uncontroverted evidence, that the Knoblocks tendered to Shively $694.48. The date of the tender was April 5th, after all the rent sued for had accrued. The tender was for more than the amount due, and was kept good and the money brought into court. The tender included the rent due for a period of five months, the damages assessed, and $20 attorney's fees, as provided for by the arbitration contract.

Appellees insist that their second paragraph of answer has been fully proven by the evidence, and that the judgment of the court is correct, and that it is unnecessary to consider any other question. The tender, however, was not made in discharge of the lease, but in discharge of the arbitration contract. When a tender has been made for one purpose, it can not be diverted to another. The finding and judgment of the court are very brief and somewhat uncertain when considered in connection with the issues. Whether it is a finding for the defendants on their answers, or on their cross-complaint, is left in doubt. The reformation of the contract sought by the cross-complaint was an equitable proceeding, and would require a specific decree and judgment in order to effect a cancellation of the lease. No motion was made to modify the judgment, and we do not determine its sufficiency in this respect.

It is conceded that the award is one at common law, and not statutory. Appellant insists that it is void because he had no notice of the time when the arbitrators met. Appellees insist that the award is like a judgment, and can not be attacked collaterally; that the appellant,

if he wished to avoid its force, must have impeached it by a direct assault.

When an award is valid, it is, so far as the question of estoppel is concerned, equivalent to a valid judgment. 1 Freeman Judg., section 320.

An arbitration partakes of judicial proceedings. An award by arbitrators is regarded with great respect by the courts, for it is the decision of persons chosen by the parties to settle their differences. But it can hardly be considered of equal dignity to a judgment rendered by a court having jurisdiction of the persons and subject-matter. A court speaks by the force and power of the law, while an award speaks by consent and contract of the parties. A judgment that is a nullity may be assailed by the party against whom it purports to be rendered, whenever and wherever it confronts him, but he can not assail it for mere errors or irregularities, except by a direct attack. An award is no better than a judgment. An award, to be valid, must be rendered after notice has been given to the parties who have submitted their rights to the arbitration. The agreement of the parties may fix the time and place of hearing, and the manner in which the notice may be given to the parties, but when it is silent on the question of notice, as in this case, notice is implied from the agreement to submit, unless it is waived. Without notice, the award is a nullity. This has often been decided. *Vessel Owners' Towing Co.* v. *Taylor,* 126 Ill. 250, 18 N. E. Rep. 664; *Lutz* v. *Linthicum,* 8 Pet. 163; *Curtis* v. *City of Sacramento,* 64 Cal. 102.

It is true that an award can not be impeached collaterally for irregularities, or for misconduct of the arbitrators of the opposing party. Story Eq., Juris., section 1452; Morse Arbitration and Award, 595.

Notice goes to the foundation of the award; without it, it must fall.

*Elmendorf* v. *Harris*, 23 Wend. 628, was a suit on an arbitration bond. It was there held that an award made without notice of the hearing to the losing party was void, and that such defense might be set up to the action on the bond, without first asking a court of equity to set the award aside.

The case of *Curtis* v. *City of Sacramento, supra,* was an action to enforce the award itself. It was held that the invalidity of the award for want of notice of the hearing might be shown as a defense, and without first appealing to a court of equity to amend it.

In judicial tribunals, the law fixes the method of procedure by which jurisdiction is acquired, by the service of notice. If the parties undertake to create a private tribunal for the determination of their differences, they may fix the method of giving notice of the hearing. The law only interferes to the extent of saying to them: You must give some notice.

If the manner in which the notice is to be given is not determined by the parties, then the general rule is that the arbitrators shall give notice of the hearing. Morse Arbitration and Award, 118.

The same author, on page 120, says: "What will be regarded as such reasonable notice is a matter regulated by no arbitrary rule of law. It is necessarily left, in each case, very much in the discretion of the arbitrator. It has been said that if he acts in good faith, it will be sufficient, since his action is within the authority conferred upon him by the submission; and his award will be valid at law, though he actually mistakes the true rule as to what is reasonable notice. But another case takes a different view, and declares that the question, whether or not reasonable notice was given, is one prop-

erly to be determined by a jury in view of the circumstances in each case.''

And, on page 121, it is said:   ''The right to, or necessity for, notice may be waived or dispensed with by a party.''

The evidence in this case shows that the appellant was very solicitous that the arbitrators should perform their duty.   He spoke to two of them and urged them to proceed with the arbitration.   He said nothing about wanting to be present or wanting any notice of a hearing. The terms of the contract are somewhat uncertain as to whether or not the arbitrators should consider the statements of witnesses or of the parties.   None of the parties to the controversy, nor their attorneys, were present at the time the arbitrators made an examination of the premises, nor was the statement of any person or witnesses taken.   The arbitrators obtained the lease from appellant's attorney on the day before they proceeded with the examination, and left a copy of the award at his office for him when it was completed.

There was evidence tending to show that both the appellant and the appellees had knowledge of the fact that the arbitrators were engaged in making the award at the time it was done.   The evidence makes the impression that it was the intention and purpose of the parties that the arbitrators should take the lease and make an examination of the premises and estimate the damages, without hearing any evidence or that the parties should be present.   Two of the arbitrators seem to have been selected by the appellant, because of their knowledge of the property.

We think it was a question for the trial court to determine whether or not the appellant had notice, or whether or not he waived notice.   The evidence on these

questions being uncertain and conflicting, we must refuse to disturb the judgment on the evidence.

Judgment affirmed, at costs of appellant. .

