## CITIZENS BLDG. OF WEST PALM BEACH, Inc., v. WESTERN UNION TEL. CO.

No. 9873.

Circuit Court of Appeals, Fifth Circuit.

June 23, 1941.

L. A. Mooney, of West Palm Beach, Fla., for appellant.

J. Julien Southerland, of Miami Beach, Fla., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This is a suit for specific performance of an agreement to re-lease. We must decide whether the proceedings to determine the fair rental value of the property constituted an arbitration or an appraisal, and which, if either, of two awards made by the board of arbiters was valid and binding upon the parties. The Court below concluded that the procedure was an appraisal and not an arbitration; that the first award made was valid and should be enforced; and that the second award should be set aside.

Appellant, Citizens Building of West Palm Beach, Inc., succeeded the Citizens Investment Company in ownership of an office building in West Palm Beach, Florida. Appellee, Western Union Telegraph Company, leased certain office space in the building for a ten-year period beginning June 1, 1929. The lease contract contained an option whereby the lessee might renew its lease for a second ten-year period under the same conditions, except that the rental under the renewed lease should be that agreed upon by the parties. Appellee decided to exercise its option, and the controversy over the amount of the annual rental resulted in this appeal.

The contract provided that, in the event no amount of rental could be agreed upon, arbiters would be chosen to determine it, by whose decision both parties would abide. On or about May 16, 1939, three arbiters were appointed in accordance with the contract, and on June 5, 1939, without having given notice of or having held any hearing upon the matter, the arbiters returned an award. The landlord petitioned the arbiters to set aside the award and grant another hearing on the principal ground that it had had no notice of any hearing for the presentation of evidence on the issue, and had not waived such notice. Over the objection of the tenant the board of arbitration set aside the award made, gave notice of and held hearings, heard such proof as the parties desired to submit, and returned another and different award on March 5, 1940. Appellant claims that the second award was valid; appellee contends that the first was valid and should be enforced.

We think it clear that the proceeding contemplated by the contract and undertaken pursuant to it was an arbitration rather than an appraisal. It was not agreed that the amount of rental should be fixed by disinterested third persons, which would have contemplated an appraisal; rather it was provided that the rent should be agreed upon between the parties, and only in the event of a genuine dispute between them as to the rental value of the premises would the matter be submitted to arbitrators. This feature distinguishes this case from that of Florida Yacht Club v. Renfroe, 67 Fla. 154, 64 So. 742, in which case the appraisers were to act, not in the event of a dispute about the proper price for the property, but in the event the lessee decided to exercise his option and purchase the property. Further, the conclusion reached by those selected to act could not be altered or rejected at the will of either party, but, by written contract stipulation, it was binding upon both. The chosen body acted in lieu of, and with its

984

decision having the binding quality of a judgment of, a court of law. These are the functions of a board of arbiters, and the proceeding had was a common-law arbitration.[1]

■ The universal rule in common-law arbitrations is that the parties are entitled to be heard, after reasonable notice, upon the subject matter in dispute.[2] It does not clearly appear from the agreement to arbitrate that the parties intended to submit the matter without a hearing; indeed, appellee's prompt objection to the award without a hearing indicates that it expected to be heard. Unless a hearing is had or waived, the board is without power to make a valid award.[3] The award of June 5, 1939, being rendered without a hearing, is void and should be set aside.

■ Appellant, after urging the invalidity of the first award, insists that the second award is the proper act of the arbiters and should be enforced. This does not take into view the rule that arbitrators are appointees with but a single duty, and that the performance of that duty terminates their authority. When an arbitral board renders a final award, its powers and duties under the submission are terminated. Its authority is not a continuing one, and, after its final decision is announced, it is powerless to modify or revoke it or to make a new award upon the same issues.[4] The first award disposed of all questions before the arbiters, and was final; the publication of that decision exhausted the powers of those appointed even though the action taken was void, and the second award is no more valid than the first.

■ No valid award having been made, and the suit being for specific performance, the court below should have ordered a new arbitration in accordance with the still-existing terms of the contract. The judgment is reversed, and the cause remanded to the district court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

[1] Dworkin v. Calendonian Ins. Co., 285 Mo. 342, 226 S.W. 846; 2 R.C.L. 351, 352; Sturges' Commercial Arbitrations & Awards, pp. 18-42.

[2] Lutz v. Linthicum, 8 Pet. 165, 8 L. Ed. 904; Warren v. Tinsley, 5 Cir., 53 F. 689; Continental Ins. Co. v. Garrett, 6 Cir., 125 F. 589; Annotation, 53 A.L. R. 698 et seq.; 3 Am.Jur. 929, 931; 2 R.C.L. 377-379; Sturges' Arbitrations & Awards, page 381.

[3] Continental Ins. Co. v. Garrett, supra; Dormoy v. Knower, 55 Iowa 722, 8 N.W. 670; Hill v. Hill, 11 Smedes & M. 616, 19 Miss. 616; Shively v. Knoblock, 8 Ind.App. 433, 35 N.E. 1028; 2 R.C.L. 377-378.

[4] City of St. Charles v. Stookey, 8 Cir., 154 F. 772; Flannery v. Sahagian, 134 N.Y. 85, 31 N.E. 319; Edmundson v. Wilson, 108 Ala. 118, 19 So. 367; 3 Am. Jur. 917, 924; 2 R.C.L. 376.