VAUGHN vs. GRAHAM.


1. Arbitrators were sworn "faithfully and impartially to discharge their duties as arbitrators, in a matter submitted to them by A and B, by articles of agreement, &c." Held to be a substantial compliance with the oath required by statute.

2. The decision of arbitrators will not be set aside because of the admission of illegal evidence nor for an error of judgment, no partiality nor misconduct being shewn.


APPEAL from Saline Circuit Court.


TODD, *for Appellant.*

1. The oath of the arbitrators was not substantially according to law.

2. The arbitrators were guilty of misconduct in permitting Ferrill as a witness for Graham, who was a surety of Graham, and a stockholder and partner in the company.

3. Upon the face of the award the whole indebtedness of the company was adjudged against Vaughn, he being only a part stockholder. See Digest, tit. "Arbitration," p. 121.

37

STEWART & MILLER, *for Appellee.*

1. The court very properly rendered its judgment upon the award of the arbitrators in favor of Graham, as the record shows all the pre-requisites to a judgment were fully complied with in the Circuit Court.

2. This Court will not revise the award of arbitrators for mistake or errors of judgment, and that the *misconduct* or *misbehavior* of the arbitrators must be, to do an intentional wrong. 4 Bibb, 252; 10 Wendell, 590.

3. The judgment should be affirmed, because the appellant, Vaughn, made no motion for setting aside the judgment, and granting him a rehearing.

SCOTT, J., *delivered the opinion of the Court.*

This was a motion to set aside an award made under a submission, which the parties, by bond with securities, mutually agreed should be confirmed by the Circuit Court of Saline county.   It was also agreed that the award should be confirmed as well against the securities as the principals in the bond.   An award was made against Vaughn for $133 26, in favor of Graham.   The arbitrators took the following oath before entering upon their duties—"faithfully and impartially to discharge their duties as arbitrators in a matter submitted to them by John Graham and Singleton Vaughn, by articles of agreement bearing date," &c.   Henry Ferrill, the security of Graham in the bond of submission, was examined as a witness for him.   The controversy was between Graham, the treasurer of an incorporated company, and Vaughn, a stockholder.   Vaughn and Ferril were the only stockholders; almost all the stock being owned by Vaughn.   The submission was for the purpose of settling and adjusting the treasurer's account with the said company.

The grounds on which the award was sought to be set aside, were, 1st, the misbehavior of the arbitrators; 2nd, because Henry Ferril was examined as a witness for Graham; 3rd, that the award was for a greater sum than should have been given; 4th, because the arbitrators were not sworn according to law.

By the common law an award could not be set aside for any cause, in a court of law.   Courts of equity gave relief against the fraud or partiality of the arbitrators.   Kyd on "Awards," 2 Wilson, 148; 1 Saunders, 346.   This principle was applicable to awards at common law, before the statute authorizing parties between whom controversies existed, to agree that a submission might be made a rule of court.   The statute allowing such submissions, declared the causes for which awards made in pursuance of such submissions, might be set aside.   Our statute directs

that for such misbehavior in the arbitrators as prejudices the rights of parties, an award may be vacated. What is such misbehavior, has been frequently a matter of discussion in the courts. Arbitrations, are domestic tribunals erected by the consent of the parties themselves. Arbitrators, are judges selected by the parties litigant, and if for every mistake of law or fact committed by them, their awards should be set aside, so far from being promotive of the ends for which they were designed, they would prove a great inconvenience, as every matter referred would thereby be twice litigated. Hence it has been held in the construction of a statute in its language similar to ours, that the terms *misconduct* and *misbehavior*, imply a wrongful intent, and not a mere error in judgment on the part of the arbitrators. Smith vs. Cutler, 10 Wend. 589. So it has been held, that a misjudgment in relation to the competency of evidence, would not vitiate the award of arbitrators. 4 Bibb, 252. So arbitrators may be governed in their decisions by principles of equity as well as law, and though their decision be not according to law, yet their report will not be set aside, unless it appears that they have misapplied the principles by which they profess to be governed, or have been misled in the application of them, or unless partiality or corruption can be attributed to them. Hazeltine vs. Smith, 3 Ver. 535. Downer vs. Downer, 11 Ver. 371. So an erroneous judgment of referees, when their judgment has been fairly exercised, is not a sufficient ground to set aside their award; they may admit evidence which would be inadmissible in a court of law, if they think proper to decide upon what they deem equitable principles, instead of being governed by rules of law. Greenhow vs. Rolfe, 4 N. H. R. 357; Chesley vs. Chesley, 10 N. H. R. 327. As the admission of improper evidence is not expressly made by our statute a cause for setting aside an award, we presume that the party intended this objection as a specification of the more general one of misbehavior. Although the judgment of the arbitrators in holding Ferril a competent witness, was not in conformity to law, yet from what has been said it is obvious, that, that of itself is no evidence of misbehavior in the sense in which it has been explained. Another ground for setting aside the award is, that a greater sum was allowed than was due from Vaughn. This, too, we presume is a specification of the more general objection of misbehavior, as the statute does not expressly authorize the courts to set aside an award for such cause. There is no ground for this objection. Graham had acted as the treasurer of the company. The inquiry was, how much was due for his services. One who held the almost entire interest in the company, agreed to refer it to arbitrators, and pay the

amount found against him, if any. Now, the objection is, that the award should have been for a sum proportionate to the interest in the stock held by Vaughn, and not for the entire sum due. But this was not the contract. Besides, Vaughn being part of the company, if he advanced for other stockholders, it would have been allowed him in an adjustment of the concerns of the company.

Upon comparing the affidavit taken by the arbitrators with that required by the statute, we think the law was substantially complied with by the form of oath adopted by the arbitrators. ·

The other Judges concurring, the judgment will be affirmed.