Judge Simpson
delivered the opinion of the Court.
The parties having made a submission to Turner Satterwhite, R. I. Baker, and Thomas Parker their umpire in case of a disagreement, and an award having been made by all three of them jointly, an action of debt was brought upon it; and a demurrer having been filed to the declaration, it was overruled by the Court, and a judgment rendered for the plaintiff, from which the defendant has appealed.
The objection made to the declaration is, that it does not contain an averment that the arbitrators had disagreed; and as by the terms of the submission, the umpire derived his authority to act from their disagreement, and could only, in that event, make an umpirage; that the validity of the joint award depends upon that contingency, and as the declaration does not allege that it had occurred, it is fatally defective.
It has been adjudged, that if the submission be to two and their umpire, an award made by three, jointly, will be good: (3 Burr: 1474.) It has also been decided, that the joining of the arbitrators with the umpire, is but surplusage, and does not vitiate the instrument purporting to be his umpirage: (1 Black. Rep. 463.)
It is contended, however, that there is a distinction between a submission to the award of two and their umpire, nothing more being expressed, and a submission to the award of two, and their umpire in case of disagreement. That, in the latter case, the authority to the umpire to act, is limited by the terms of the submission, and in the former it is not.
There is, however, no substantial distinction between the cases. The word umpire, in its common significa *124 tion, denotes one who is to decide the controversy in case the others cannot agree: (1 Bac. 211, letter D, title Arbitriment and Award.) A submission, therefore, to two arbitrators and their umpire, or to two and their umpire, in case of disagreement, means precisely the same thing. If a joint award by all three, is valid under one submission, it must be under the other.
W. C. Bullock for appellant; Johnson Sf Throop for appellee.
The award is either made by the arbitrators, or it is the act of the umpire. If it be the latter, it is admitted, that it is valid, notwithstanding the arbitrators have joined with the umpire, because their approbation which is manifested by joining with him, does not render his umpirage, in any degree less the act of his judgment. If the umpirage be not vitiated by the joining of the arbitrators with the umpire, it is clear that the efficacy of the award cannot be diminished by the fact that the umpire has joined with the arbitrators. The award is no less the act of their judgment, because the umpire has concurred with them in their conclusion. As, therefore, the instrument was valid, whether.it was the award of the arbitrators, or the umpirage of the umpire, it was unnecessary to allege in the declaration that the arbitrators had disagreed, and that he umpire had acted in consequence of that disagreement.
Indeed it would seem to be, in such cases, perfectly consistent with the intention and understanding of the parties, that the arbitrators with the assistance and approbation of the umpire should make an award, and that being made jointly by them all, it was done in exact conformity with the views and intention of the parties to the submission: Hunter vs Bennison, (Hard. 43.)
Wherefore the judgment is affirmed.