FRISSELL et al., Defendants in Error, v. FICKES et al., Plaintiffs in Error.

1. An umpire, chosen by arbitrators upon their own disagreement to decide the matter submitted to arbitration, must be sworn before he can hear the evidence in the cause.
2. Where a matter in dispute is submitted to arbitrators with a power on their part in case of a disagreement to call in an umpire, the umpire may be appointed before the arbitrators commence their investigation, or at any stage of the proceedings ; he ought to see and hear the witnesses.
3. It does not invalidate an award that the arbitrators join with the umpire in making the same.
4. Where in a submission to arbitration the matter in dispute is stated to be the "taking of a quantity of timber from the land" of the plaintiffs, the arbitrators would not be authorized to assess treble damages.

*Error to Washington Circuit Court.*

The error complained of in this case is the affirmance of an award made under the following agreement of submission : "Whereas M., J. & J. Fickes, a firm composed of Morgan Fickes, John Fickes and Jacob Fickes, have taken a quantity of pine and oak timber growing and being upon the land of M. Frissell and M. A. Todd ; and whereas it has been agreed between M., J. & J. Fickes on one part, and Frissell and Todd of the other part, to refer the amount of damages they, said Frissell and Todd, could and ought to recover by law from said Fickes for the taking of said timber to the arbitrament of George Walton on the part of Frissell and Wood, and J. W. Johnston on the part of said Fickes ; and it is agreed between said parties that in case said arbitrators can

not agree upon the amount of damages to be awarded, the arbitrators above named may select an umpire to settle such matter as they may agree upon. It is further agreed that the amount of damages assessed by said arbitrators shall be paid or secured forthwith, and in default of such payment or security the said award shall be made and become the judgment of the circuit court of Washington county; and the said M., J. & J. Fickes bind themselves to comply with the law rendering judgment by confession. In testimony whereof we have hereunto set our hands and seals this 8th day of July, 1856. [Signed] M. Frissell (seal), M. A. Todd (seal), Morgan Fickes (seal), John Fickes (seal), Jacob Fickes (seal)."

An award was made signed by the two arbitrators above named and Jesse McIlvaine, whom they had called in as umpire. They awarded treble damages to the plaintiffs. McIlvaine, the umpire, heard the testimony introduced before the arbitrators, but he was not appointed or sworn until after the arbitrators had heard all the testimony; no new testimony was introduced before the umpire. Motions to affirm the award and to vacate the same were made in the circuit court. The court affirmed the award.

*Noell* and *Carter*, for appellants.

I. The fact that McIlvaine, the umpire, was not sworn until all the evidence was closed, and that after being sworn he heard none of the evidence, makes the award a nullity, and no judgment could lawfully be entered upon it. (Toler v. Hayden, 18 Mo. 399.)

II. Treble damages should not have been allowed. Taking timber does not make the taker liable under the first section of the act concerning trespasses. (R. C. 1855, p. 1552.)

*Frissell*, for respondents.

I. The arbitrators were not called upon to appoint an umpire until they had disagreed. It was not necessary that he should hear any of the evidence. The submission contem-

plates that the arbitrators should state to him the matter upon which they differed, and that he should settle it. In point of fact he did hear all the testimony. There was no error in awarding treble damages.

SCOTT, Judge, delivered the opinion of the court.

It is objected to the award that the umpire was not sworn. Arbitrators must be sworn before they hear the evidence. (Toler v. Hayden, 18 Mo. 399; Caldwell on Arbitration, 101 note.) A submission to two arbitrators and their umpire, or to two and their umpire *in case of disagreement*, means precisely the same thing; for umpire, in the common signification of the word, denotes a person that is to make an end of the matter, if the others can not. (Bac. Abr. Arbitrator D., 279; 10 B. Mon. 123.) If arbitrators join with the umpire in the deed of umpirage, it is merely surplusage and the deed is good. (3 Burr. 1474; Bates v. Cook, 9 Barn. & Cr. 407.) It is now established that the arbitrators do not divest themselves of the power to proceed in the reference by nominating an umpire. Such appointment may be made either before or after their own investigation of the matter has commenced, or in any stage of their proceedings. In one case, the court of King's bench expressed their opinion that it was the fairest way to do so in the first instance. (Roe v. Doe, 2 Term, 644; Harding v. Watts, 15 E. 556; Bac. Tit. Arb. 279.) In the case of Salkeld v. Slater, 12 Adol. & Ellis, ——, it was said that it is important to have it understood that the umpire, as well as the arbitrators, ought to see and hear the witnesses. In Passmore v. Pettel, 4 Dallas, 271, the court say, where an umpire is to be chosen by referees, he stands in the same situation precisely as the referees themselves, both with respect to the powers to be exercised and the duties to be performed. From this principle it seems to follow that the umpire, when he takes upon himself that character, must proceed in the examination of the matter submitted to him in the same manner as the arbitrators are required to do. Then the umpire must be sworn before he can hear the evidence.

We do not see the ground on which the arbitrators proceeded in trebling the damages. There was nothing in the terms of the submission which authorized such a step. It is certainly the fairest way to have it expressly understood that the damages shall be trebled, if that is the agreement, by making it a part of the submission. But what we consider as conclusive on this subject is, that it does not appear from the matter submitted to arbitration that it was such a trespass as would have warranted the court in trebling the damages had the cause not been referred.

Reversed and remanded. Judge Richardson concurs.