HEPBURN v. JONES.

A valid award cannot be made under the statute, if the arbitrators, or any one of them, fail to take the oath prescribed. (R. S. 1868, p. 50, § 3.) Where a submission is under the statute, it must be presumed that the parties contemplated an adjudication of the controversies. submitted by the *sworn* tribunal prescribed by the statute.

### Error to Probate Court of Park County.

THE case is stated in the opinion.

Mr. JOHN W. WEBSTER and Mr. ORRIS BLAKE, for plaintiff in error.

Mr. M. B. CARPENTER, for defendant in error.

ELBERT, J. Section 3, chapter 5, of Revised Statutes, provides, that "arbitrators shall not have power to act hereafter until they take an oath before some person authorized by law to administer oaths," etc.    This provision is imperative.    The legislature evidently intended to give to parties submitting their controversies to arbitration, a tribunal acting under the sanction of an oath; and no valid award can be made, under the statute, if the arbitrators, or any one of them, fail to take the oath prescribed.    *Walt et al.* v. *Huse et al.*, 38 Mo. 210; *Toler* v. *Hayden*, 18 id. 400; *Inslee* v. *Flagg*, 2 Dutch. 370; *Jackson* v. *Steele*, Sneed (Ky.), 21; *Graham* v. *Hamilton*, 1 Binney, 461.

A different rule has been laid down in New York, but under a statute, we think, materially different.    Where an umpire acts it is equally necessary that he take the oath prescribed.    *Frissell* v. *Fickes*, 27 Mo. 557.

A submission under the provisions of the statute, we think, was clearly intended by the parties in this case. The agreement of submission complies with the requirements of the statute, and provides that the award be made a judgment of the court.    The objection, therefore, that the umpire, James Y. Marshall, failed to take the statutory oath

was fatal to the award. It is claimed, however, that the award may be sustained as good at common law. It is not necessary for us to inquire whether our statute concerning arbitrations and awards either abrogates or modifies the right of submission as at common law. With a view of carrying out and giving effect to the intention of the parties to a submission, courts have sometimes held a submission as good at common law, where a statutory submission was obviously intended. Morse on Arbitration and Award, 48, and cases there cited.

The doctrine of these cases is based upon the propriety of carrying into effect the intent of the parties to the submission.

That cases may arise where a statutory submission, invalid for want of compliance with some *formal* requirement of the statute, should be enforced as a common-law submission, need not be discussed.

As the submission was under the statute, it must be presumed that the parties contemplated an adjudication of the controversies submitted by the *sworn* tribunal prescribed by the statute.

By intendment, this entered into and was a part of the contract of submission. They never agreed to a common-law submission—nor to abide the award of unsworn arbitrators. The court below was not at liberty to make a contract for the parties, or force upon them the finding of a tribunal, acting without the sanction of an oath.

The propriety of carrying into effect the intention of the parties to the submission, instead of being a reason for holding the award in this case good at common law, is a substantial and conclusive reason why it should not be enforced. *Williams* v. *Walton*, 9 Cal. 146 ; *Allen* v. *Chase*, 3 Wis 252 ; *Denfield* v. *Ames*, 20 Pick. 480.

The court below should have sustained the motion to set aside the award ; and, in the absence of a re-submission, have proceeded with the cause as though it had never been submitted. *Smith* v. *Smith*, 28 Ill. 56.

The judgment of the court below is reversed, and the cause remanded for further proceedings.

*Reversed.*