## ADAMS v. LINDELL, *Appellant.*

1. **De Facto Officer**: CONTRACT: ELECTION. The rule as to the validation of the acts of *de facto* officers is one of policy, and may be applied, not only where there is no *de jure* officer, but where the legal office itself no longer exists. Where the person claiming to hold the office is not a mere usurper, but, owing to a mistake of fact, held under a perfect color of right, which justified men in concluding that he was a legal officer holding a legal office, and where the fact that the office was abolished remained, for a long time, unknown, owing to a false announcement of election returns, his acts as such officer, done after the abolition of the office and before the fact was known, may be validated for the purpose of supporting contracts made with him where money and labor have been expended on the faith of his authority to act and contract as such officer.

2. **St. Louis Scheme and Charter**: SPECIAL TAX BILLS. A special tax bill issued under an ordinance approved by the acting mayor and city council of St. Louis, on December 29th, 1876, after the city council was abolished and the new charter adopted, but before the fact was known, is not necessarily void.

3. **Estates in Land**: CONDITION SUBSEQUENT. Land was conveyed to a municipal corporation, to be used as a market place, to be held in fee so long as so used, to revert to the donor when it ceased to be so used, and the donee, upon failure to so use it, to reconvey to the donor. *Held*, that this was not a determinable fee, but an estate held upon condition subsequent; and that the condition, though broken, did not defeat the estate before entry by the donor.

4. **Constitutional Law**: SPECIAL ASSESSMENTS FOR MUNICIPAL IMPROVEMENTS. The provisions in the constitution of 1875, relating to the uniformity and equality of taxation, and the taking of private property for public use, were not intended to apply to, and do not effect any change in, the law as to the right of municipal corporations to make special assessments for local improvements.*

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

G. *Pollard* for appellant.

J. H. *Wieting* and I. C. *Terry* for respondent.

---

*These syllabi are taken from 5 Mo. App. 197.

NAPTON, J.—This case involves three points, all of which are elaborately discussed and decided by the court of appeals, and the opinion of that court reported in 5th vol. of Mo. App. Rep. 197. One of the points was also examined and decided in the case of the *State to the use of Beach v. Sutton*, reported in vol. 3 of Mo. App. Rep. 388. As we concur with that court, not only in the result, but in the decision on each point involved in the case, it seems unnecessary to do more than to refer to these cases. The judgment of the court of appeals is affirmed. All the judges concur.