WOLFE v. HYATT, *Appellant.*

**Arbitration.** An award by an arbitrator upon the testimony of unsworn witnesses, is not binding.

*Error to Johnson Circuit Court.*—HON. NOAH M. GIVAN, Judge.

REVERSED.

*Land & Sparks* for plaintiff in error.

*S. T. White* for defendant in error.

HOUGH, J.—This is a suit on an award made in pursu-
ance of a written submission of all matters in controversy
between the plaintiff and the defendant arising out of a
copartnership which had existed between them, which
award the defendant refused to perform. Various defenses
were interposed, both of a legal and equitable nature, which
it is unnecessary for us to consider.

It appears from uncontradicted testimony that none
of the witnesses who appeared before the arbitrator, were
sworn. The submission in this case does not provide that
judgment may be entered in the circuit court upon the
award, but notwithstanding the omission of such provision
we are of opinion that it is subject to the general provis-
ions of the statute regulating arbitrations. In *Bridgman*
*v. Bridgman*, 23 Mo. 272, Leonard, J., in delivering the
opinion of this court, said : "We think, however, that all
written submissions are within the statute, and that the
section prescribing the official oath, as well as the other
sections of the act that are not specifically confined to a
submission authorizing a circuit court judgment to be en-
tered, are equally applicable to both classes." Section 330
of the Revised Statutes, which was in force when this sub-
mission was made, provides that arbitrators shall have the
same power to issue subpoenas to witnesses and to compel
their attendance by attachment, to administer oaths, and
punish contempts committed in their presence during the
hearing of the cause, that may be given by law to jus-
tices of the peace. This section is not specifically confined
to submissions authorizing a circuit court judgment to be
entered on the award, and, under the authority of the case
cited, is, therefore, applicable to the submission before us.
The arbitrator having failed to require the witnesses to
testify under oath, and the necessity of an oath not having
been waived by the defendant, the award is a nullity, and

no action can be maintained upon it. The judgment of the circuit court, which was for the plaintiff, will be reversed. All concur.