CITY OF ST. LOUIS, Appellant, *v.* ASA P. STODDARD, Respondent.

**February 12, 1884.**

1. SCHEME AND CHARTER — SPECIAL TAXES — DE FACTO VALIDATION. — Street opening proceedings begun under the old charter after November 22, 1876, and before March 5, 1877, are valid, on the *de facto* principle.
2. —— MUNICIPAL ORDINANCES. — City ordinance 10,811, for collecting special taxes, has no application to tax bills issued upon a judgment of the land commissioner rendered after March 5, 1877, in proceedings begun under the old charter.

3. ——— Pleadings. — A municipal ordinance can not be pleaded by its title and the date of its passage, but must be set out in full.

Appeal from the St. Louis Circuit Court, Adams, J. *Affirmed.*

Leverett Bell, for the appellant.

Bakewell, J., delivered the opinion of the court.

The petition herein was filed March 31, 1882, and contains the following allegations: The plaintiff is, and since 1822 has been, a municipal corporation, having power to open and establish streets within its limits, and to appropriate private property therefor. Under municipal ordinances of said city, numbered 9150, which was approved July 15, 1874; 9899, approved January 28, 1876, and 10,076, approved July 7, 1876, which ordinances are set out in the petition, proceedings were begun on November 26, 1876, before the land commissioner of the city of St. Louis, in conformity with the charter of that city of March 4, 1870, as amended by the act of February 22, 1875, to open Jefferson Avenue from Market Street to Hebert Street. Commissioners were duly appointed in the proceedings, and duly filed their report. This report was duly approved and confirmed by the land commissioner on March 26, 1877. Special tax bills were duly issued by the land commissioner for the benefits assessed in said proceedings. The damages allowed therein for the property taken for the street were fully paid, out of the city treasury, to the persons entitled thereto. On all special taxes remaining unpaid at the expiration of thirty days after due notice thereof a judgment was rendered by the land commissioner, as required by the act of February 22, 1875. Under said act the sums to be paid by the owners of property specially benefited by the appraiser's report are a lien on the property charged, and shall be collected, as provided by ordinance, by the sale of the property, and when collected shall be paid into the city treasury. By

ordinance 10,811, approved July 9, 1878, it is provided that unpaid special tax bills for benefits in street opening proceedings shall be collected by suits instituted in the name of the city of St. Louis by the city counsellor. In said proceedings the appraisers ascertained and reported that a lot in city block 972, fronting 150 feet on Dickson Street by a depth of 118³/₁₂ feet, the boundaries of which lot are set out in the petition, was benefited by the opening of Jefferson Avenue, as established by ordinances numbered 9150, 9899, and 10,076, to the amount of $220, which amount the commissioner assessed against said lot. The defendant owns said lot. A special tax bill for $220, and $3.46 costs, was duly issued by the land commissioner and delivered to the collector of the city of St. Louis on April 5, 1877, a certified copy of which bill is filed as an exhibit with the petition. The prayer is for a decree establishing the amount of said special tax bill and interest and costs thereon, and costs of this proceeding, as a special and first lien against the property in question, and for an order of sale by the sheriff to satisfy said amount.

The defendant demurred to the petition on nineteen grounds. The demurrer was sustained; and plaintiff declining to plead over, there was final judgment for the defendant.

The learned counsel for the defendant has not complied with the rule of court requiring the respondent to file a statement and brief. He has suggested nothing, whether orally or otherwise, in this court, in support of his demurrer, and we are left to consider each ground of demurrer and to conjecture as to which particular ground or grounds of demurrer were found to be fatal to the petition by the trial court.

The act of February 22, 1875, provides (sect. 4) that: " The sums to be paid by the owners of property specially benefited by the improvement, as finally ascertained, shall be a lien on the property so charged, from the date of the

judgment rendered therefor by said land commissioner, and shall, with costs, be collected as shall be provided for by ordinance, but only by the sale of said property, or so much thereof as shall be necessary to satisfy such judgment and costs." The act also provides for an appeal to the circuit court within ten days from the final judgment of the land commissioner, in every case in which exceptions were taken. The reversal of any judgment is to affect only the case embraced in the appeal; parties not appealing are to be forever barred by the judgment in their respective cases. The act further provides (sect. 6) that: "When the proceedings in any case have been finally approved by the land commissioner he shall deliver the same to the city council, and the city council shall, within six months thereafter, make an appropriation for the payment out of the city treasury of all damages assessed in favor of the owners of the property appropriated ; and the land commissioner shall immediately upon his final approval of said report make out special tax bills in accordance with the report of the appraisers against all parties, as far as known, who are charged with benefits, and add the costs thereto, and shall deliver said tax bills to the city collector, whose return thereon shall be proof of the facts therein stated ; and if any special tax bills are not paid within thirty days after notice is given (said notice to be given by publication in said newspapers for three days consecutively, notifying all parties interested that the said tax bills are in the hands of the city collector for collection), the land commissioner shall render judgment in favor of the city against the owners, as far known (*sic*), in or each (*sic*) lot or parcel of ground charged with benefits ; and in case the owners be unknown, then against the property by description of the sum or sums assessed against the same ; and for all sums not paid within the time required by said notice he shall issue an execution thereof to said marshal for the sale of the property charged with said sum for the satisfaction thereof, so (*sic*) much

thereof as needful therefor; such sale shall be made and a deed executed thereunder and delivered to the purchaser by the city marshal, as provided for in case of ordinary execution of courts of record; such deed shall be of the same evidence as the deeds of sheriffs for land sold under execution.''

The seventeenth ground of demurrer is, that the plaintiff is not entitled to any relief other than that provided by this act of February 22, 1875, amending the old city charter.

The other grounds of demurrer seem to present no difficulty which is not successfully overcome by the suggestions of the learned counsellor for the city. It is not necessary, however, that we should pass judicially upon any of these objections to the petition, and we decline to do so upon this *ex parte* presentation of the matter. The objection now to be considered strikes at the foundation of the present action, and is, we think, fatal to it. We think that the trial court properly sustained the demurrer to the petition, because the ordinance on which the plaintiff relies as the foundation of the relief prayed is not well pleaded; but, if we disregard this, and take the city ordinance to which we are referred as if written out in the pleading, it seems to give no warrant for the action.

It appears from the petition that the report of the appraisers assessing $220 as benefits against the defendant's lot was confirmed by the judgment of the land commissioner on March 26, 1877. The objection that the proceedings before the land commissioner, begun on November 22, 1876, under the act of February 22, 1875, amending the old charter, were begun after the new charter was adopted, and after the land commissioner had ceased to have jurisdiction, is met by what is said and decided by this court in *Adams* v. *Lindell* (5 Mo. App. 197), affirmed by the supreme court. *s. c.*, 72 Mo. 198. These proceedings were all, we think, validated by the *de facto* principle.

The fact of the adoption of the scheme and charter was not known until some months after its adoption. The charter did not become operative before the date at which its adoption was declared by this court in *The State ex rel.* v. *Sutton* (3 Mo. App. 388). The opinion in that case was delivered on March 5, 1877. The scheme was ratified on August 22, 1876; and, according to its provisions, became, in theory, the organic law of the county and city of St. Louis sixty days after that date. But this was at first unknown; and the fact was not, and could not be, ascertained until after the legal contest, which resulted in the judgment in the *quo warranto* proceedings before referred to.

The charter expressly provides that all ordinances for the opening of any street, upon which proceedings have not been begun when the charter goes into operation, are repealed; but that every case pending at the time, shall be conducted under the old law; that all acts necessary to be done by the land commissioner, shall be performed by the city counsellor. Scheme and Charter, Art. XVI., sect. 4. This meets the objection as to the repeal of the ordinances pleaded in the petition. Whether this meets the objection that the judgment of the land commissioner in the case under consideration was rendered twenty days after the decision in *The State ex rel.* v. *Sutton*, we need not now determine. It seems probable, however, that that judgment, whether rendered by the proper officer or not, was validated.

It may, perhaps, have been with a view to the changes produced, and likely to be produced, by the new charter, that the municipal assembly passed the ordinance 10,811, of July 9, 1878, governing proceedings in the condemnation of private property, and providing for the payment of benefits and the collection of damages. This ordinance the plaintiff pleads by its title and sets forth the provision of its fourth section to the effect that unpaid special tax bills for benefits in street opening proceedings shall be collected

by suits instituted in the name of the city of St. Louis, by the city counsellor for that purpose. The act of 1875 provides that, " the sums to be paid by the owners of property benefited by the street opening shall be a lien on the property charged, from the date of the judgment of the land commissioner, and shall, with costs, be collected as shall be provided by ordinance, but only by the sale of said property." It may be that under this provision of the act of 1875, the city might frame an appropriate ordinance for the collection of these tax bills by suit, provided no attempt is made to collect them otherwise than by a sale of the property upon which the sums assessed for benefits are a lien. The act of 1875 provides, it is true, for an execution upon the judgment of the land commissioner, and a sale under this judgment by the marshal, but it also provides that provision for the mode of their collection may be made by ordinance, and the allegation of the petition is that this has been done.

This ordinance, however, is not properly pleaded. The three ordinances which are the foundation of the street opening proceedings are set out in full in the petition of the plaintiff; but this later ordinance, number 10,811, which is set up as a warrant for the present action, is pleaded only by its title and the date of its passage. In pleading a private statute, it is only necessary to refer to it by its title and the date of its passage ; the court is bound then to take judicial notice of the act so pleaded. But a by-law of a municipal corporation does not come under the description of a private act. It is not accessible, as is an act of the legislature to be found in the statute book. The court is not to take notice of it unless it be set out in the pleading. Because this act was not pleaded the demurrer to the plaintiff's petition was, we think, properly sustained.

The ordinance, which is not set out in the petition, is set out at length in the appellant's brief, and it is plain from

its terms, that had it been set out in full the demurrer must have been sustained.   It refers to future proceedings only: The first section provides that " whenever the municipal assembly shall provide by ordinance for establishing * * * any street * * * or to condemn private property for other public uses, and it is necessary to take private property for the same, the street commissioner shall furnish the city counsellor with all necessary plats," etc.   The second section provides that when the circuit court has taken final action on the report of the commissioners in any such proceeding, and the comptroller has recorded the same, and the assembly has made an appropriation to pay the damages awarded, the comptroller shall make out certificates of awards against all persons and property charged with benefits, etc.   The third section provides that these special tax bills shall be delivered by the comptroller to the collector, who shall notify all persons interested, by advertisement, that the bills are in his hands and will remain there for sixty days, during which time payment may be made without interest or additional costs, and that after that all bills will be enforced by legal proceedings.   Section four provides that, at the end of sixty days, all bills unpaid shall be returned by the collector to the comptroller, and be by him delivered to the city counsellor, who shall, thereupon, proceed to collect the same, by suits in the name of the city for that purpose.

This ordinance for collecting tax bills by suit, passed in 1878, does not seem to be applicable to the act of February 22, 1875, under which the sums chargeable against the property are already reduced to judgments on which special executions have issued which can be levied only on the property against which the sums are a lien.   There has been no action of the circuit court, no certificate by the comptroller, in the case of the tax bill sued upon in the present action. They are tax bills under the act of 1875, made out in accordance with its provisions, and not the " said special tax

bills" spoken of in the ordinance of 1878. They are made
a lien by the law of 1875, and no application to the circuit
court is necessary to declare them a lien. Nor does it ap-
pear why the tax-payers should be put to the cost of another
suit to have declared again what has once been judicially
determined, the original decree remaining in full force.
Whatever may be the meaning of the provision in the act
of 1875 that the benefits may be collected " as shall be pro-
vided by ordinance," it would appear that the ordinance
now in question was made with no view to any of the provi-
sions of that act.

We are of the opinion that the judgment of the circuit
court should be affirmed. It is so ordered. All of the
judges concur.