LEESLEY BROTHERS, Respondents, v. A. REBORI FRUIT COMPANY, Appellant.

Springfield Court of Appeals, December 11, 1913.

1. **CONTRACTS: Breach of: Rights of Parties.** Plaintiffs shipped to defendants a carload of onion sets, sending the bill of lading with draft thereto attached to a bank. Defendant requested plaintiff to authorize the bank to grant a reduction of ten per cent on the draft. *Held,* to be the duty of defendant to inquire at the bank and ascertain if such request had been granted. And failing so to do, plaintiffs had a right to sell the sets for defendant's account within a reasonable time after the plaintiff's refusal to accept them.

2. **BUYER AND SELLER: Breach of Contract: Rights and Liabilities of Parties.** Plaintiff breached the contract for the sale of a carload of onion sets. The trial court found that the seller, after such breach, sold the sets "at a fair private sale" for defendant's (buyer's) account. *Held,* that the buyer will not be heard to object that as part of the sets were sold to plaintiff's agent, such sale is not a criterion to determine the amount of the defendant's liability.

Appeal from Greene County Circuit Court.—*Hon. Guy D. Kirby,* Judge.

AFFIRMED.

*Geo. Pepperdine* and *V. O. Coltrane* for appellant.

(1) Considering the perishable nature of the sets they should have been resold at once. 5 Elliott on Contracts, sec. 5043, p. 1193; Rickey v. Tenbroeck, 63 Mo. 567. (2) The sale by an agent of plaintiffs to himself is no criterion by which to determine defendant's liability. Montgomery v. Hindley, 205 Mo. 149; Thornton v. Irvin, 43 Mo. 164. (3) No notice having been given, the amount realized at the resale does not determine the market value of the sets at that time. Carriage Co. v. Gilmore, 123 Mo. App. 19; Nelson v. Hirsch & Sons Co., 102 Mo. App. 515. (4) When the purchaser refuses to accept the goods and the vendor resells, the measure of damages is the difference between the contract price and the market value. Carriage Co. v. Gilmore, 123 Mo. App. 19. (5) It was necessary for plaintiffs to give notice of their acceptance. At the time the petition was filed plaintiffs themselves considered it necessary. Defendant's officers and agents testify that they expected notice. Both parties acted on the assumption that notice of the acceptance was necessary. Seed Co. v. White, 168 Mo. App. 635; Paterson v. Campden, 25 Mo. 13.

*A. W. Lyon* for respondents.

In the case of Leesley Bros. v. Fruit Co., 162 Mo. App. 195, the law of this case was fully settled, and the trial judge tried the case in accordance with said opinion and rendered judgment according to said law and the facts found. Appellant has raised no points in this appeal that were not raised and pressed by it when the case was here before, and the law declared against them.

ROBERTSON, P. J.—The material facts involved in this case may be found in the opinion in 162 Mo. App. 195, 144 S. W. 138, when the case was here before upon appeal by the plaintiffs. The case was then reversed and remanded and after another trial in which the plaintiffs obtained judgment for $808.13, the defendant appealed.

On the last trial, which was to the court without a jury, a finding of facts was made which, in addition to disclosing the facts set out in the opinion of this court when the case was here before, further recites that the car of onion sets when it arrived in Springfield, was placed in front of the defendant's place of business and that the defendant's officers and agents went into the car and removed therefrom several sacks of the onion sets and inspected the same, and that from the date of the arrival of the car until the final disposition of the onions it remained at or near the defendant's place of business and was subject to the control and orders of the defendant company. The court also found that the defendant refused to accept the shipment and that the plaintiffs upon learning of such refusal took charge of the onion sets about March 9, 1910, and sold them at the best obtainable price, at a fair private sale, and that there was no open market, no general market existing at said time in Springfield, that the dealers generally were well supplied and overstocked with said character of goods, and that the sets were not, when the plaintiffs took charge of them, in a marketable condition, and that from the time the onion sets arrived in Springfield until they were finally disposed of there was a gradual decline in the market. The court also found that when the plaintiffs took possession of the onion sets and proceeded to sell them they had just heard of the refusal of the defendant to accept the same and they immediately notified the defendant that they would resell.

The testimony discloses that after the defendant had sent its telegram to plaintiffs asking them to authorize the reduction of the draft at the bank that the defendant made no further effort to ascertain if such authorization had been received by the bank, and, although the car was on the track near its place of business, it did not undertake to find out what, if anything, the bank had received; neither did it notify the plaintiffs that it did not propose to carrry out the new arrangement voluntarily suggested by itself after an examination of the sets. But the defendant did, some time later, write a letter to the plaintiffs, spelling its name wrong and placing no street address upon the envelope, although it had the plaintiffs' street address, and consequently this letter was not delivered to the plaintiffs but was returned to the defendant.

We have examined and considered all the points and authorities submitted to us in defendant's behalf. In its first point the appellant insists that if the telegram of plaintiffs to the bank at Springfield authorizing the ten per cent reduction in the draft constituted a new contract that then the defendant breached the contract on that day and it would thereupon devolve upon the plaintiffs, if they undertook to resell the onion sets for the defendant's account, to resell them at once *or within a reasonable time* after such breach, taking such steps as were necessary to protect the interests of the defendant, citing in support thereof the case of Rickey v. Tenbroeck, 63 Mo. 563, 567. When the defendant asked the plaintiffs to authorize a reduction in the draft and the plaintiffs did what the defendant requested, knowing that the bank was located conveniently to the defendant, they had a right to presume, until they were notified to the contrary by defendant, that the defendant had accepted, unloaded and disposed of the onion sets. It appears that as soon as the plaintiffs did ascertain that the defendant

was not complying with its contract, they proceeded to dispose of the property, as the trial court finds, to the best advantage of the defendant; hence, the plaintiffs did resell *within a reasonable time* after the breach. But the defendant says that, owing to the perishable nature of the sets, plaintiffs should have sold at once. They did sell at once after receiving the delayed information, which the defendant should have furnished them immediately upon its decision not to follow to a conclusion its new proposition, and it cannot thus take advantage of its own wrong. That it was the duty of the defendant, after requesting the plaintiffs to authorize the bank to reduce the draft, to inquire at the bank to ascertain if such authorization had been received, is disposed of by the former opinion of this court. In that opinion, after discussing the necessity of a notice by plaintiffs to defendant, it is said: "The defendant made its town terms and plaintiffs complied with them. This was sufficient."

The defendant further says that a portion of the sets were resold to an agent of the plaintiffs and, therefore, such a sale is no criterion by which to determine the amount of its liability, citing Montgomery v. Hundley, 205 Mo. 138, 149, 103 S. W. 527, and Thornton v. Irwin, 43 Mo. 153, 164. The finding of the trial court is that plaintiffs sold "at a fair private sale" and the defendant does not insist that there was no testimony to justify this finding. We, therefore, resolve this contention against the appellant.

The judgment is affirmed. All concur.