JOHN A. REDMAN, Respondent, v. ST. JOSEPH HAY & GRAIN CO, Appellant.

In The Kansas City Court of Appeals, April 3, 1922.

1. **SALES: Where Buyer Refused to Accept Delivery, Seller had Right to Resell at Auction or Private Sale and Recover Difference Between Price Realized and Contract Price.** Where buyer of corn refused to accept delivery thereof the seller had a right to resell the same at auction or private sale at best price he could command and sue to recover the difference between the price realized and contract price.

2. **APPEAL AND ERROR: Finding of Court, Sitting as a Jury, on Conflicting Evidence Cannot be Reviewed.** Where there was conflicting evidence on the question as to whether contract contained a certain provision when it was executed by the parties, the finding of the court sitting as a jury that the contract contained said provision cannot be reviewed on the ground that it was against the weight of the evidence.

3. ———: **Appellant Cannot on Appeal Change Theory Upon Which Case was Tried in Lower Court.** Where the record disclosed that the only issues at the trial was as to whether the award of the arbitrators was a valid and binding one, and whether a certain

provision was contained in a contract when executed, defendant cannot change theory upon which case was tried by attempting on appeal to raise objection that the property tendered did not conform to requirements of contract.

4. **ARBITRATION AND AWARD:** Failure of Arbitrators and Witnesses to be Sworn as Required by Statute Renders Award Void. Where arbitrators and witnesses were not sworn as required by sections 598 and 599, Revised Statutes 1919, the award was void.

5. ————: **Waiver: Swearing of Arbitrators and Witnesses not Waived by Plaintiff Who Had no Knowledge that Officer Administering Oath Had no Authoroity to do so.** While swearing of the arbitrators and witnesses may be waived by the parties making no objection to absence of such swearing, in order for there to be a waiver the party who it is claimed has waived the matter must have knowledge of the facts out of which the waiver grew, *held*, that as plaintiff had no such knowledge there was no waiver.

6. **OFFICERS: De Facto: Authority: Secretary of Grain Exchange Held Not to be De Facto Officer Authorized to Administer Oaths.** The secretary of a grain exchange was not a *de facto* officer authorized to swear arbitrators and witnesses, as there was no such office as secretary of such exchange with power to administer oaths, and the only exceptions to the rule that there can be a *de facto* incumbent of an office that does not exist are where he exercises the duties of the office under color of an election or appointment by or persuant to a public constitutional law, before same is adjudged to be such, and in certain cases where there has been a legal office but the same no longer exists that persons who assume to exercise the authority of the incumbent of such an office is declared to be a *de facto* officer where if he were not held to be such it would result in great public injury.

Appeal from the Circuit Court of Buchanan County.— *Hon. L. A. Vories,* Judge.

AFFIRMED.

*Randolph & Randolph* for respondent.

*Guitar & Innis* for appellant.

BLAND, J.—This is a suit for damages for breach of a written contract for the purchase of three thousand

bushels of No. 3 oats. A jury was waived and the case tried before the court, resulting in a judgment for plaintiff in the sum of $567.34, and defendant has appealed.

The facts show that plaintiff and defendant entered into a written contract in St. Joseph, Missouri, on June 24, 1920. The contract recited that defendant purchased of plaintiff three thousand bushels of No. 3 oats at ninety cents per bushel, f. o. b. Weatherby, "Time of shipment, July, 1920, Aug. 2½ off;" "Remarks—Kansas City or St. Joseph wts. and grades." It also recited that "Unless otherwise provided, any grain falling below the grade above specified shall be applied on contract at ruling difference in market price on the day it is received by us." On August 3, 1920, plaintiff shipped to defendant at St. Joseph one car containing 1500 bushels and 20 pounds of No. 3 white oats which defendant refused to accept and which plaintiff sold on the open market at St. Joseph for 72½ cents per bushel. Three or four days after said date plaintiff shipped to defendant another car containing 1978 bushels and 4 pounds of oats which graded No. 2 mixed oats, which defendant likewise refused to accept and which plaintiff sold on open market at St. Joseph on August 16, 1920, for 71 cents per bushel.

No oats were shipped during July and on July 31st July, that the oats had not been shipped and it canceled the contract without penalty to plaintiff. A dispute arose as to whether the phrase "Aug. 2½ off" was in the contract at the time it was made or was inserted thereafter by plaintiff unknown to the defendant, plaintiff claiming that it was there at the time the contract was executed and defendant claiming that it was not. There does not seem to be any contention that if the phrase "Aug. 2½ off" was in the contract at the time of its execution that it meant that if the oats were shipped in August they should be paid for at 2½ cents less per bushel than if they were shipped in July; in other words, that they should bring 87½ cents per bushel.

Plaintiff requested that the difference existing between himself and defendant, caused by defendant's refusal to accept the oats, be arbitrated by a special committee of the St. Joseph Grain Exchange. Plaintiff was not a member of this exchange but defendant was and under the rules defendant was required to submit the matter to arbitration on the request of a non-member. A written agreement of arbitration was entered into and the matter submitted. All of the parties to the suit and their representatives and witnesses were present and testified. The arbitrators and witnesses were sworn by the secretary of the Grain Exchange who was not authorized to administer oaths. The secretary of the Exchange had been in the habit of administering oaths of this kind, believing that he had the right to do so. There was no objection to his administering the oaths, the parties and all present believing that he had the requisite authority to do so. The constitution, rules and regulations of the Grain Exchange provided that the secretary of the Exchange should obtain a commission as a notary public in order that he might administer oaths to principals and witnesses in proceedings before the arbitration and appeals committees. It also provided that any committee of arbitration or appeal should be required to take and subscribe to an oath to the effect that they would faithfully and fairly hear and examine into the matters and controversies submitted to them for arbitration. It also provided that the arbitration and appeal committees in making their reports should write up, as far as possible, their findings in detail.

The arbitrators made their report, which was unanimous, finding that the provision "Aug. 2½ off" had been examined by disinterested experts in hand-writing at the request of the arbitrators and all had agreed that these words were not in the same hand-writing as the other hand-writing appearing in pencil on the contract, the evidence showing that the other hand-writing in pen-

cil was written by H. L. Dannen, an officer of the defendant, who negotiated the contract. It also found to the effect that defendant was not required to accept the oats in August and found in favor of the defendant. Plaintiff then brought this suit asking judgment for the difference between the contract price of the oats and the amount actually received for them by him. The answer consisted of a general denial and a denial that defendant entered into the contract alleged in the petition and pleads the arbitration and award. The reply to the answer pleaded various matters attaching the validity of the award. Defendant filed a motion to confirm the award of the arbitrators and plaintiff filed a motion to vacate the award.

On a trial of the cause the court found that there was no proper legal arbitration; that no oaths were administered to the arbitrators or to any of the witnesses; that statements of witnesses made out of the hearing and presence of plaintiff and made at another and different place than the one where the arbitration was attempted to be had, were considered by the arbitrators, which testimony was not given under oath nor at the time the arbitration was attempted to be had; that the secretary of the Grain Exchange attempted to administer oaths as secretary of the Grain Exchange and by virtue of no other pretended or actual authority. The court further found that the attempted arbitration was insufficient and did not comply with the laws of the State of Missouri or the rules of the Grain Exchange. The court then overruled the motion of defendant to confirm the award and sustained the motion to vacate the same, and found for plaintiff in the amount sued for.

Defendant asked various declarations to the effect that plaintiff was not entitled to recover; that the award was a valid and binding one and constituted a complete defense to the action and that it was immaterial under the facts in the case whether the arbitrators subscribed to any oath or whether there was any irregularity in

the swearing of the arbitrators and witnesses; that the arbitrators did not act in such a way as to invalidate the award made; that all of the parties were present and knew what was being done and failed to object and that plaintiff was presumed to know that the law provided that the arbitrators were required to be sworn by some officer duly authorized to administer an oath, and that if the award was made by the arbitrators under such conditions, it was not invalid because the secretary was not an officer authorized to administer oaths; that the only issue in the case with respect to the arbitration was whether or not the secretary acting as such administered oaths while not an officer duly authorized to administer the same, was fatal to the award and that the court declare the law to be on that issue that the fact as to whether the secretary was authorized to administer oaths was immaterial and had no effect on the validity of the award. These requests were refused.

At the request of defendant the court declared that if the phrase "Aug. 2½ off" was not in the contract signed by the defendant and was not placed there by the defendant, the finding should be for it. Also that there was no evidence that defendant "falsely or fraudulently made any representations of any kind or character to plaintiff concerning the arbitration agreement." Defendant requested the court to declare that the fact that the arbitrators consulted experts as to the handwriting of the phrase written in pencil in the contract did not invalidate the award. The court gave this but only after amending it by inserting the words "unless the arbitrators considered said evidence in making their award."

It is insisted that the court erred in refusing to give defendant's declaration in the nature of a demurrer to the evidence. In this connection it is insisted that if plaintiff recovers it must be upon the contract pleaded, and that the measure of damages for the breach of the same was the contract price with legal interest from the

date payment became due under the terms of the contract. In support of this contention defendant cites the case of Fairbanks, Morse & Co. v. Mining & Mfg. Co., 105 Mo. App. 644, 654. The rule laid down in that case was in relation to facts showing that the goods were sold, delivered and accepted when defendant breached the contract. Plaintiff in the case at bar had a right to sell the property at auction or private sale at the best price he could command and sue to recover the difference between the price realized and the contract price. [Dobbins v. Edmonds, 18 Mo. App. 307; Leesley Bros. v. Fruit Co., 175 Mo. App. 508.] There is evidence pro and con on the question as to whether the phrase "Aug. 2½ off" was in the contract when it was executed by the parties. The court sitting as a jury having expressly found that the contract so provided, we are not authorized to review that finding on the ground that it was against the weight of the evidence. [Robertson v. Kochtitsky, 217 S. W. 543, 568; Daniel v. Pryor, 227 S. W. 102; Terry v. Ry. Co., 228 S. W. 885.]

It is insisted that the second car of oats was No. 2 mixed oats and not No. 3 oats as provided in the contract. In this connection defendant calls our attention to the fact that the contract provided that any grain "falling below the grade specified should be applied on the contract at the ruling difference in the market price on the day it was received." Defendant says that plaintiff failed to prove what was the ruling difference in the market price between No. 3 oats and No. 2 mixed oats on August 16, 1920. Plaintiff contends that No. 2 oats is a higher grade than No. 3 and that the tender of No. 2 oats was in compliance with the contract, and prints in his brief provision of the rules and regulations of the St. Joseph Grain Exchange (and the contract recites that it was made in view of the provisions of said rules) that on contracts for grain for future delivery a tender of a higer grade of the same kind than the one contracted for shall be deemed sufficient. There is nothing in the

record in regard to these matters relied upon by plaintiff and we, therefore, cannot consider them. However, the record does disclose that the only issues at the trial was as to whether the award of the arbitrators was a valid and binding one and whether the phrase "Aug. 2½ off" was in the contract at the time it was executed. Defendant can not now change the theory upon which the case was tried in the lower court.

It is insisted that the court erred in finding that the award of the arbitrators was void because they considered statements of handwriting experts who were not sworn and which were made out of the presence of plaintiff and at a different place from where the arbitration was had. In this connection it is first insisted that the undisputed evidence shows that the arbitrators had already made up their minds as to the fact that the phrase "Aug. 2½ off" was not in the contract at the time it was executed, before they consulted the experts. While the chairman of the board of arbitrators testified to this effect we think there is sufficient in the record from which the court might conclude that they considered these statements in making their award. However, we are in doubt as to whether the award is void on account of the arbitrators consulting and relying upon these handwriting experts. [See Morse on Arbitration, p. 169; Simons v. Mills, 80 Cal. 118; Vaugh v. Graham, 11 Mo. 575; Sec. 604, R. S. 1919.]

It is unnecessary for us to pass upon this point for the reason that we think the undisputed facts show that the award was void for the reason that the arbitrators and witnesses were not sworn as required by the rules and regulations of the St. Joseph Grain Exchange and the statute of Missouri. [Secs. 598 and 599, R. S. 1919.] Section 598 provides that "the arbitrators shall take and subscribe an oath, before some officer duly authorized to administer an oath." [Wolfe v. Hyatt, 76 Mo. 156; Frissell v. Fickes, 27 Mo. 557; Toler v. Hayden, 18 Mo. 399; Valle v. Railroad Co., 37 Mo. 446.]

209 M. A.—44

It is held that the swearing of the arbitrators and wit nesses may be waived by the parties making no objection to the absence of such swearing. [Cochran v. Bartle, 91 Mo. 636; Allen v. Hickam, 156 Mo. 49, 59; State v. Hope, 100 Mo. 347, 356.] But it is well recognized that in order for there to be a waiver the party who it is claimed has waived the matter must have had knowledge of the facts out of which the waiver grew. Defendant claims that plaintiff is presumed to know the law and that he knew that the arbitrators and witnesses were required to be sworn by some person duly authorized to administer oaths, and that by the slightest inquiry the mistake could have been easily corrected and under the circumstances plaintiff by his conduct waived having the oath administered by an officer duly authorized by law to administer oaths. There was nothing to put plaintiff upon inquiry and nothing to suggest that the secretary of the Grain Exchange was not a notary public. We fail to find that plaintiff had such knowledge of the facts as would constitute the basis for a waiver. He thought that the arbitrators and witnesses were actually being sworn and had a right under the statute to require that they take an oath. He was deceived as much as anyone by the action of the secretary in assuming to have the power to administer oaths when the latter had none.

It is insisted that the secretary of the Grain Exchange was a *de facto* officer; that his act in apparently swearing the arbitrators and witnesses was effective although he had no legal authority to administer oaths. The general rule is that there can not be such a thing as a *de facto* incumbent of an office that does not exist. [Davenport v. Davenport, 41 So. 240, 241, (Ga.).] There is no such office as secretary of this Grain Exchange with power to administer oaths. The only general exception to this rule that we have been able to find is stated in State v. Carroll, 38 Conn. 449, 472, where the court, in enumerating instances where a person becomes a *de facto* officer,

states that he is such where he exercises the duties of the office "under color of an election or appointment by or pursuant to a public unconstitutional law, before the same is adjudged to be such." [See, also, 22 R. C. L., pars. 306, 312.] However there has been another exception recognized in this state to the effect that where in certain cases there has been a legal office but the same no longer exists that persons who assume to exercise the authority of the incumbent of such an office is declared to be a *de facto* officer where if he were not held to be such it would result in great public injury. [Adam v. Lindell, 5 Mo. App. 197; Adam v. Lindell, 72 Mo. 198; Perkins v. Fielding, 119 Mo. 149; State ex rel. v. Sutton, 3 Mo. App. 388; Hilgert v. Barber Asphalt & Paving Co., 107 Mo. 385, 394.] The facts in this case do not bring it within those in the cases last cited.

In view of the express provision of the statute that the oath of the arbitrators must be taken before "some officer duly authorized to administer an oath" and in the light of the fact that there was no waiver in this case, we are unable to find any ground upon which we may declare the oaths administered were effective although the parties, together with the arbitrators and witnesses, thought that the arbitrators and witnesses were actually under oath.

It is insisted that plaintiff's remedy was by an appeal to the appeals committee of the Exchange. It is true that the constitution, rules and regulations of the St. Joseph Grain Exchange provided for an appeal from the award of the arbitration committee. However, the whole proceeding was absolutely void. There being no arbitration, there was nothing to appeal from.

From what we have said the judgment must be affirmed, and it is so ordered. All concur.