Dear Secretary Kirkpatrick:
This opinion is rendered in response to your questions asking:
 1. Is the use of an "executing witness" as provided in Section 486.340 RSMo proper and legal in the notarization of a voted absentee ballot, instead of the use of a "notary public" or other "officer authorized by law to administer oaths" as required in Section 115.291 RSMo?
 2. If the answer to question one is "yes" what application should be given to Section 115.637(10) RSMo [sic] which indicates that it is a class four election offense for "any person having in his possession any official ballot, except in the performance of his duty as an election authority or official, or in the act of exercising his individual voting privilege", since the "executing witness" would be transmitting the ballot in his possession to a notary public to accomplish the purpose of Section 486.340
RSMo?
Section 115.291.1, RSMo 1978,[1] states in part:
 Upon receiving an absentee ballot, the voter shall mark his ballot in secret, place the ballot in the ballot envelope, seal the envelope and fill out the affidavit on the ballot envelope. The affidavit of each person voting an absentee ballot shall be subscribed and sworn to before the election official receiving the ballot, a notary public or other officer authorized by law to administer oaths. . . . . [Emphasis added.]
Although election laws are to be liberally construed, Matter of Rodriguez, 558 S.W.2d 356, 360 (Mo.App. 1977), the word "shall" is indicative of a mandate, State ex rel. Dreer v. Public School Retirement System of the City of St. Louis, 519 S.W.2d 290,296 (Mo. 1975).
As stated in Garzee v. Sauro, 639 S.W.2d 830, 832 (Mo. 1982):
 In determining whether or not a statute is mandatory or directory, the general rule is that when a statute provides what results shall follow a failure to comply with its terms, it is mandatory and must be obeyed. However, if it merely requires certain things to be done and nowhere prescribes the results that follow, such a statute is directory.
See State ex rel. City of Memphis v. Hackman, 273 Mo. 670,202 S.W. 7, 14 (banc 1918) ("The general rule on this subject is that where a statute provides specifically that a ballot not in a prescribed form shall not be counted, the statute is mandatory and must be enforced; . . .").
Section 115.295.2 states:
 If the affidavit on any ballot envelope has not been filled out, signed or witnessed by an officer authorized by law to administer oaths, the absentee ballot in the envelope shall be rejected.
The word "shall" in Section 115.291.1 and the prescription in Section 115.295.2 that affidavits on absentee ballot envelopes not filled out, signed, or witnessed by an officer authorized to administer oaths are not to be counted show that the second sentence of Section 115.291.1 is mandatory. Accordingly, the affidavit on an absentee ballot envelope must be subscribed and sworn to before one of following three types of officials and no others: (1) the election official receiving the ballot, (2) a notary public, or (3) an other officer authorized by law to administer oaths. No facts have been stated to lead us to believe that the executing witness in question is the election official receiving the ballot. The issue is whether an executing witness is a notary public or other officer authorized by law to administer oaths for purposes of Section 115.291.1.
Section 486.340 states:
 1. As used in this section, the words "executing witness" means an individual who acts in the place of a notary.
 2. An executing witness may not be related by blood or marriage or have a disqualifying interest as defined in section 486.255.
 3. The affidavit of executing witness for acknowledgment by an individual who does not appear before a notary shall be in substantially the following form:
 I, ______ (name of executing witness), do solemnly affirm under the penalty of perjury, that ____ (name of person who does not appear before a notary), personally known to me, has executed the within ______ (type of document) in my presence, and has acknowledged to me that ______ (he) executed the same for the purposes therein stated and requested that I sign my name on the within document as an executing witness. _____________ (signature of executing witness) Subscribed and affirmed before me this ____ day of _____, 19__. _______________ (official signature and official seal of notary.) [Emphasis in original.]
We believe that an executing witness, as provided for in Section 486.340, is not a notary public for purposes of Section115.291.1. An executing witness is used in "place" of a notary public. Section 486.340.1. The language in Section 115.291.1 authorizing a person voting an absentee ballot to subscribe and swear to the same before a notary public cannot be read as authorizing a person, under penalty of perjury, to sign the absentee ballot as an executing witness. This is shown by the fact that the absentee ballot affidavits provided for in Section115.283, RSMo Supp. 1982, state in relevant part:
 Subscribed and sworn to before me this _____ day of ________, 19__. ___________________ Signature of notary or other officer authorized to administer oaths
This language is inconsistent with the language of the affidavit of an executing witness, provided for in subsection 3 of Section486.340.
We also believe that an executing witness is not an "other officer authorized by law to administer oaths." Section115.291.1. Section 486.340 does not create an office. Executing witnesses do not receive commissions, nor do they have qualifications (other than the disqualifications referred to in subsection 2 of Section 486.340). The only power of an executing witness is to witness the execution of a document on penalty of perjury. Because Section 486.340 does not create an office, executing witnesses are not officers. Therefore, an executing witness is not an "other officer authorized by law to administer oaths." Section 115.291.1 (emphasis added). Also, because Section 486.340 does not create an office, an executing witness purporting to administer oaths cannot be considered a de facto officer. See Redman v. St. Joseph Hay Grain Co.,209 Mo. App. 682, 239 S.W. 540, 543 (1922).
Therefore, an executing witness is neither a notary public nor an "other officer authorized by law to administer oaths" within the meaning of Section 115.291.
Because of our answer to your first question, we believe it is unnecessary to answer your second question.
CONCLUSION
It is the opinion of this office that an executing witness, as provided for in Section 486.340, RSMo 1978, is neither a notary public nor an other officer authorized by law to administer oaths within the scope of Section 115.291.1, RSMo 1978. Therefore, the affidavit of a person voting an absentee ballot may not be subscribed and sworn to before an executing witness.
Very truly yours,
 JOHN ASHCROFT Attorney General
[1] All statutory references are to RSMo 1978, unless otherwise indicated.