JOSEPH M. GAYLORD *vs.* SHELDON NORTON.

Berkshire. September 28, 1880. — January 7, 1881.

In an action upon an award of arbitrators, under a submission to them of all matters in dispute between the parties, evidence is admissible in defence to show that the arbitrators refused to consider and pass upon a claim submitted to them by the defendant.

CONTRACT. The declaration alleged an agreement of submission to arbitration, whereby the parties agreed to submit all matters in dispute between them, and under which an award was made, in favor of the plaintiff in this action, for a sum stated.

At the trial in the Superior Court, before *Rockwell*, J., the plaintiff put in evidence tending to prove the execution of the agreement of submission and the award. The defendant offered to show, by oral evidence, that he had a certain claim which was in dispute between himself and the plaintiff, and what that claim was; that he brought that claim before the arbitrators and asked them to examine and decide upon it, but they declined to consider it. The judge excluded the evidence; the jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. Dewey*, for the defendant.

*H. C. Joyner*, for the plaintiff.

AMES, J. It is true that every reasonable presumption will be made in favor of an award. *Tallman* v. *Tallman*, 5 Cush. 325. *Strong* v. *Strong*, 9 Cush. 560. It is the legal presumption, unless the contrary appears, that arbitrators pursue the submission, and decide only the matters therein contained, and also that

they decide all matters submitted to them. *Sperry* v. *Ricker*, 4 Allen, 17. And it is the legal presumption, until the contrary is proved, that referees hear all the legal proofs offered to them by either party, and their omission to state this explicitly in their award is no cause for setting the award aside. *Leominster* v. *Fitchburg & Worcester Railroad*, 7 Allen, 38. *Lutz* v. *Linthicum*, 8 Pet. 165.

It is incumbent on a party, who seeks to impeach an award on the ground that the arbitrators have not passed upon all the matters submitted to them, to show that they have not. *Sperry* v. *Ricker, ubi supra.* As we understand the bill of exceptions, this is exactly what the defendant proposed and offered to do at the trial, and what he was prevented from doing by the ruling of the presiding judge. The refusal of the judge to admit any evidence of what the claim in question was, necessarily shows that his ruling was not based upon the nature of the particular claim.

The defendant's point is not merely that the arbitrators disallowed a claim which he made, or found it to be frivolous or groundless, but that they wholly refused to consider it, although he attempted to lay it before them. Under the terms of the submission, it was the duty of the arbitrators to receive, pass upon and decide all matters in dispute between the parties, and any legal evidence which the defendant offered, to prove that they had not fulfilled that duty, should have been received. *Edwards* v. *Stevens*, 1 Allen, 315. *Rollins* v. *Townsend*, 118 Mass. 224. *Exceptions sustained.*