## CHARLES J. ROAKE

### *v.*

## THE AMERICAN TELEPHONE AND TELEGRAPH COMPANY et al.

Where complainant's right, as an abutting lot-owner, to prevent the defendant from stretching its wires over the land in the street in front of his lot, defendant claiming to act under statutory and municipal authority, is debatable, a preliminary injunction to restrain defendant's proceeding will not be allowed.

---

Bill for injunction. On order to show cause. On bill and affidavits annexed, answer of the company and affidavits on the part of the defendant.

*Mr. Cortlandt Parker,* for complainant.

NOTE.—As to when telegraph wires and other overhanging obstructions in the streets of a city are nuisances, see *American Union Tel. Co.* v. *Harrison, 4 Stew. Eq. 627,* and cases referred to in the note thereto ; also, *People* v. *Metropolitan Telephone Co., 64 How. Pr. 120 ; Gay* v. *Mutual Union Tel. Co., 12 Mo. App. 485.*—REP.

*Messrs. Wallis & Edwards*, for Bayonne.

*Mr. M. Eggleston*, of New York, for the company.

THE CHANCELLOR.

The complainant is the owner of a lot of land on Avenue E, in the city of Bayonne, and the bill is filed to restrain the telephone and telegraph company from erecting its poles upon the land in the avenue, between the front line of his lot and the middle of the avenue, and from stretching its wires over that land upon its poles. The bill states that the land in the avenue was dedicated to public use while the place was under township government and before the city was incorporated.; and it claims that the fee in the before-mentioned land in the avenue in front of the complainant's lot to the middle of the avenue, is in him. The company is acting under an agreement with the city by which the latter, in consideration of $1 and certain covenants and agreements on the part of the former, gives to it license to erect poles and stretch its telephone wires on and along certain designated avenues and streets of the city, including Avenue E; but the agreement, among other things, provides that the company shall get permission from the land-owners before putting down poles in front of their lots. In consideration of the license, the company agrees to furnish certain telephone facilities to the police and fire departments of the city. It appears that the company does not propose to erect poles on the land claimed by the complainant, but does propose to stretch its wires above that land upon poles set at each side of it, but not upon it. The present application is for a preliminary injunction. To warrant the court in issuing such interlocutory prohibition, the right of the complainant must be clear. The defendant insists that the city not only had the right to authorize the company to put its poles in the avenue and stretch its wires thereon, but was under legal obligation to do so, because the act of 1880, entitled " A supplement to an act entitled ' An act to incorporate and regulate telegraph companies,' approved April 9th, 1875," provides that whenever any telegraph or telephone company, organized

under the original act or by virtue of any special act, shall apply to the common council or other legislative body of any incorporated city or town through which it is intended to construct its telegraph line, for a designation of the streets in which the posts or poles of such company may be erected, it shall be the duty of such common council or legislative body to give to such company a writing, designating the streets in which the posts or poles shall be placed &c. *P. L. of 1880 p. 201.* The city claims that it has the right to use the streets for the purpose of telegraphic or telephonic communication; that such use is part of the public uses to which the streets of a city may lawfully be put by the city authorities without the consent of the owners of lots abutting on the streets, or making compensation to them. It has been so adjudged in Massachusetts. In *Pierce* v. *Drew, 136 Mass. 75,* it was held that the appropriation of a public highway for the use of a line of electric telegraph, by the erection of poles thereon and stretching wires upon the poles above the surface of the ground, does not impose an additional servitude, and that a statute authorizing such use is constitutional, although it does not provide for compensation to the owner of the fee of the highway. The legislature of this state appears to have considered that the use of the street, so far as the wires are concerned, was not a violation of the rights of the owner of the soil in the street; for, while it recognizes such rights as to the erection of poles, it does not do so as to the wires. It is laid down that if telegraph posts be erected within the limits of a street or highway without legislative authority, they are nuisances; but that if the erection be thus authorized, they are not. *2 Dill. Mun. Corp. § 552.* In the case in hand the company does not, as before stated, intend to erect poles on the land in front of the complainant's lot, but means merely to stretch its wires along the front, at least twenty-five feet above the ground, on poles erected on adjacent or neighboring property. The present injury from such use cannot be great. It certainly is not so great as to warrant a preliminary injunction. A preliminary injunction will never be ordered unless from the pressure of an urgent necessity. The damage threatened to be done, and which

it is legitimate to prevent during the pendency of the suit, must be, in an equitable point of view, of an irreparable character. And a complainant is not in a position to ask for such an injunction when the right on which he founds his claim is, as a matter of law, unsettled. *Citizens Coach Co.* v. *Camden Horse R. R. Co., 2 Stew. Eq. 299.* The complainant's counsel urges that the act to incorporate and regulate telegraph companies does not include, in its terms, telephone companies. But the supplement above referred to contemplates the organization of telephone companies under the authority of the original act, which speaks of telegraph companies alone. Moreover, the defendant company is organized, as its name indicates and its charter provides, for telegraphic as well as telephonic communication. That the right of the complainant is debatable is quite apparent. The question raised is a most important one. I do not intend to express any opinion, at this time, upon the merits of the controversy. It is enough to dispose of the present motion—that the complainant's right is not clear. Nor does any embarrassment in denying a preliminary injunction arise from the fact that the statute inflicts a penalty for destroying, injuring or obstructing a telegraph line after it shall have been constructed under the act ; for the prohibition is against such action if willful and unlawful. If the company has not the right which it claims, its action in the premises will be taken at its peril. It will gain no right by the refusal of this court to prohibit it at this stage of the suit, and this court will be able to protect the complainant in his rights. The motion for a preliminary injunction will be denied, and the order to show cause discharged, with costs.