GEORGE W. WALKER *vs.* JOHN F. SIMPSON.

Kennebec. Opinion January 30, 1888.

*Referee. Award. Evidence. Dividing line. Trespass.*

Where a referee does not decide the question submitted to him, and his report shows that he did not intend to, it will not be conclusive on the parties.

Where a dividing line has been agreed upon and recognized, and occupied to by the parties in interest for twenty years, it is conclusive; and it would not be waived by a subsequent reference and void award.

ON report.

Trespass, *quare clausum fregit.*

The question at issue was the location of the dividing line between the lands of the parties. The jury rendered a general verdict for the defendant, and a special verdict fixing the dividing line. The case was then reported to the law court with the agreement, that, if the award of the referees, which was put into the case and is referred to in the opinion, was conclusive against the defendant, judgment should be entered for the plaintiff for five dollars damages; otherwise, judgment on the verdicts, unless the law court should consider the instructions to the jury were erroneous and prejudicial to the plaintiff. In such case the court was to render such judgment as the whole case required.

*E. F. Webb and Appleton Webb,* for plaintiff.

The arbitrators do not make new boundaries, nor change old ones; they merely determine where upon the face of the earth the pre-existing boundaries are. Morse on Arb. 515.

Determining lines does not affect the freehold. *Rogers v. Kenwrick,* Quincy, 63, 64; *Searle v. Abbe,* 13 Gray, 412; *Clark v. Burt,* 4 Cush. 396.

An award does not transfer title, but a party to it is estopped

by his own agreement to dispute the title. *Shelton* v. *Alcox*, 11 Conn. 240 ; *Cox* v. *Jagger*, 2 Cow. 638.

The submission is a mere matter of fact to ascertain where the lines would run on actual survey. *Terry* v. *Chandler*, 16 N. Y. 356.

The award is not offered as evidence of title, but of location of boundary. The line can even be established by parol. The agreement passes no interest in lands, it merely defines the extent. *Gray* v. *Berry*, 9 N. H. 447.

An award on a parol submission as to the boundaries or location under a deed is binding in an action of ejectment. *Jackson* v. *Gager*, 5 Cow. 383.

" An agreement of the parties, verbal or written, though not effective as a conveyance, is evidence of the true location of lines or monuments. And there seems to be no good reason why a fact which parties can lawfully agree upon for themselves, may not, by their consent, be determined for them by arbitrators, with the same effect as if they had agreed to it without such assistance. When the award is made the agreement is executed and becomes operative." HOAR, J., in *Byam* v. *Robbins*, 6 Allen, 66.

" In the absence of evidence to the contrary, the law presumes that the parties intended to make the decision final and conclusive. This presumption is especially important in its application to an award of arbitrators acting under a submission *in pais*, because the court cannot provide for the correction of errors made by arbitrators, as it can in respect to the awards of referees appointed by rule of court." CHAPMAN, J., in *Mickles* v. *Thayer et al.* 14 Allen, 119.

If the award follows the submission it is conclusive. *Byam* v. *Robbins*, 6 Allen, 66.

A rule of construction should not be sought for, which will nullify the submission and award and the intention of the parties, unless for fraud or misconduct ; on the contrary, a rule should be adopted to sustain the intention of the parties ; every reasonable intendment is to be made to uphold an award. *Ott* v. *Schroeppel*, 5 N. Y. 482.

No technical expressions are necessary, or introductory recitals. Russell on Arb. 244, 245.

Where the parties have expressly, or by reasonable implication, submitted the question of law as well as the question of fact arising out of the matter in controversy, the decision of the referees on both subjects is final. Morse on Arb. 302.

Chief Justice Shaw, in *Boston Water Company* v. *Gray*, 6 Met. 131, on page 167, said, where the arbitrator was not a professional man, that the submission to arbitration embraced the power to decide questions of law, unless the presumption was rebutted by some exception or limitation in the submission. Submissions and awards are to be expounded according to the intent of the parties. *Gordon* v. *Tucker*, 6 Maine, 247.

All presumptions of law are to be taken favorably for the support of the award, and the burden of proof is upon the party who would impeach it to show the grounds of such impeachment. *Bigelow* v. *Newell*, 10 Pick. 348 ; *Deane* v. *Coffin*, 17 Maine, 52.

In the examination of witnesses and the investigation of matters in dispute, and especially in the character of the evidence received, arbitrators have, at common law, a wider latitude than courts in the trial of issues of a similar kind. Cald. on Arb. 52 ; Morse on Arb. 131 ; *Fuller* v. *Wheelock*, 10 Pick. 135 ; *Tobey* v. *County of Bristol*, 3 Story, U. S. 800 ; *Hooper* v. *Taylor*, 39 Maine, 224.

The award must contain that actual decision of the arbitrators which is the result of their consideration of the various matters discussed before them. *Patterson* v. *Bayard*, 7 Ired. Eq. 255 ; *Blossom* v. *Van Amringe*, 63 N. C. 65 ; *Lamphire* v. *Cowan*, 39 Vt. 420 ; Morse on Arb. 266.

An award need not recite the various facts necessary to give it validity. Morse on Arb. 276.

An erroneous or false recital made by the arbitrator, if it be merely concerning his authority, appears to be an immaterial matter. It does not enlarge his authority, nor does it invalidate his award. *Id.* 277.

Where an award settles the boundary of land, it is sufficient

to enable the party to whom the land has been awarded to bring an action of ejectment, and is a justification in an action of trespass brought by the other party. *Sellick* v. *Addams*, 15 Johns. 197.

It is competent evidence and judgment may be based upon it. *Cushing* v. *Babcock*, 38 Maine, 452.

A decision of controverted questions made deliberately by judges constituted by the voluntary choice of the parties, is always to be regarded with respect and will be supported so far as it can be done conveniently with the established rules of law. *Bigelow et al.* v. *Newell*, 10 Pick. 354.

Courts have now departed from the ancient strictness "which was a reflection on the administration of justice." For the benefit of society, critical niceties are discouraged. Morse on Arb. 437.

Strict compliance with the stipulations in the submission may be waived by the parties, by their subsequent conduct. *Sellick* v. *Addams*, 15 Johns. 197; *Perkins* v. *Wing*, 10 Johns. 143.

The formality of the revocation must follow and conform to the formality of the submission. Thus, if the submission be under seal, so also must be the revocation; if the submission be in writing, the revocation must be written; but if the submission be only verbal, then the revocation may be verbal also. If this rule be not complied with, a revocation which is insufficient under it will be of no effect. Morse on Arb. 232; *Howard* v. *Cooper*, 1 Hill, 44; *Brown* v. *Leavitt*, 26 Maine, 251; *Sutton* v. *Tyrrell*, 10 Vt. 91.

"When an award is made, the agreement is executed, and becomes operative." HOAR, J., in *Byam* v. *Robbins*, 6 Allen, 66.

When it is made and published, the parties cannot change it. An award when duly made and signed, and its contents made known to the parties, fixes their rights and cannot rightfully be altered, recalled, or withheld by the referees. *Thompson* v. *Mitchell*, 35 Maine, 281.

The publishment is satisfied by the award having been made and notice having been given to the parties. *Knowlton* v. *Homer*, 30 Maine, 556. Or when executed in duplicate and

delivered to the parties. *Plummer* v. *Morrill*, 48 Maine, 184.

Parties who have submitted a dispute to arbitration *in pais*, and have accepted the award, will not be permitted to open the matter again. Bigelow on Estoppel, 515 ; *Males* v. *Lowenstein*, 10 Ohio, 512 ; *Reynolds* v. *Roebuck*, 37 Ala. 408 ; *Burrows* v. *Guthrie*, 61 Ill. 70.

If Hayden, in 1840, established a line and afterwards the parties disagreed and entered into a new reference that of itself revoked and waived the Hayden line, and the last award, if valid, would supersede all preceding ones. *Wyman* v. *Hammond*, 55 Maine, 534.

*Baker, Baker and Cornish*, for the defendant, cited : Morse, Arb. 131, and cases cited, 213 ; *Sawyer* v. *Freeman*, 35 Maine, 543 ; *Boynton* v. *Frye*, 33 Maine, 217 ; *Littlefield* v. *Smith*, 74 Maine, 387 ; *Wyman* v. *Hammond*, 55 Maine, 534 ; *Butler* v. *Mayor*, 7 Hill, 329 ; *Cook* v. *Jaques*, 15 Gray, 59 ; *Richards* v. *Todd*, 127 Mass. 167 ; *Rollins* v. *Townsend*, 118 Mass. 224 ; *Gaylord* v. *Norton*, 130 Mass. 74 ; *Sperry* v. *Ricker*, 4 Allen, 17 ; *Whitten* v. *Hanson*, 35 Maine, 435 ; *Brown* v. *Gay*, 3 Maine, 126 ; *Mosher* v. *Berry*, 30 Maine, 83 ; *Lincoln* v. *Edgecomb*, 28 Maine, 275.

DANFORTH, J. The first question presented in this case is. whether "the award of Garland and Clifford, referees, under the submission and evidence, is conclusive against the defendant." The only objection made to it is that the referees exceeded the authority given them in the submission, and it is claimed that this appears not only upon the face of the papers, but also by the testimony bearing upon that point.

The agreement of submission provides that the parties, "in order to have the line established between the land of said Simpson and said Paul, refer the running of said line between them to David Garland and John B. Clifford, according to the deeds and facts which shall be presented to them for their consideration." Here was the only guide for the referees in the performance of their duty, and it would seem so plain as to admit of no doubt. The direction was to " run " a line already described upon the

face of the earth.    The deeds made but one line between the parties, and that is fully described in that under which the plaintiff holds ; the defendant's deed limits him only by that line. That was the line to be run.    There was no occasion for running any other, there was no dispute except as to the location of that line upon the face of the earth.    Hence the language of the submission was appropriate and direct, to " run " the line according to the deed and facts presented.    The line described in the deed is to be ascertained, aided by whatever facts which may be shown as shall throw light upon that location, shall enable the referees to ascertain the precise line submitted that they may " run " it.

Such being the submission, it was the duty of the referees to make a report of their doings in such language as to show the parties that the precise matter submitted had been considered and decided by them.    Their duty to the parties required this ; the rights of the parties demanded it.    In *Wyman* v. *Hammond*, 55 Maine, 534, it was held that, "to be conclusive upon the parties to it, an award must contain in express terms, a clear and distinct determination of the exact point submitted."    This case is corroborated by that of *Lisbon* v. *Bowdoin*, 53 Maine, 324.    In the opinion the following remarks are so appropriate to the case at bar that we quote : "It is equally clear that commissioners, appointed by the court, cannot alter or depart from the boundaries established by the legislature.    Their duty is to determine, in case of dispute, where and how the line in question is to be run and established on the face of the earth.    Their determination may be erroneous, but it is binding on the parties, if they keep themselves within the power given, and if their report shows that they simply undertook to ascertain and determine where the line given by the legislature was in fact.    But this should appear by their report, at least nothing should there appear which leaves in doubt, whether the line established by them is the old line or a new and arbitrary one."

The report in the case at bar is subject to the same objection as those in the two cases cited.    After the introduction, coming to the matter decided, the referees say, " We,  .   .   on the

12th day of May, 1868, did run the following described line as the dividing line between the land of said Simpson and Paul, and *do hereby establish the same* as the dividing line between the lots of the parties." Then follows a description of the line. It is true that from this statement we cannot say that the line submitted was not the line run by the referees; but it is equally true that we cannot say that it was. All reference to the restriction in the submission is omitted in the award. Here is certainly sufficient " to leave a doubt, whether the line established is the old one or a new one," enough to enable us to say with the change of a word or two in the language of KENT, J., in *Lisbon* v. *Bowdoin*, " This report does not follow the language of the submission, and under it, we cannot be certain that it is not an entirely new line." Thus the case seems to be entirely within the two cases cited and which seem to be well settled in principle.

But it is said that referees are presumed to do their duty and follow the submission until the contrary is shown, and authorities to that effect are cited: *Sperry* v. *Ricker*, 4 Allen, 19; *Gaylord* v. *Norton*, 130 Mass. 74, and cases cited. These citations fully sustain the proposition stated and enunciate sound law; but they are not inconsistent with the doctrine of *Wyman* v. *Hammond*, and *Lisbon* v. *Bowdoin*. In all of them the award in terms follows the submission and leaves no doubt that the referees intended to decide the precise question submitted. But the objection was that some item included in the submission had not been considered, or in some cases an item not included in the submission had been considered. This, of course, could only appear by proof, and would not be presumed without proof. .

But in this case we are not confined to the papers alone, for, by the report, we are to examine the testimony as well; not, however, to ascertain whether the line was run correctly by the referees, for if they followed the submission, however erroneous it might be, it would be conclusive upon the parties, no suggestion of corruption having been made. But the only question now involved is whether the referees did intend to run the line according to the deeds, as submitted. Upon this point it is brief and fully confirms the conclusion to which we have come from an

examination of the papers. All we need refer to is the answer of one of the referees to a question put to him when they were running the line. He says, "There is a surplus here and we are dividing it up." It necessarily follows that if they were running a line so as to divide a surplus they were not running the "line according to the deeds." No line described in a deed can give a part of a surplus. It may be that one or both parties may be entitled to a surplus and that title might enure by virtue of a deed. But all that would not change any line described in the deed; that would remain the same.

It is, however, claimed that referees are the final arbiters and the conclusive judges of the law and fact. Therefore, in this case they must construe the deed and decide finally whether there was a surplus and what portion of it would belong to each party. This as a general proposition is true, limited only by the restriction in the submission. But as to matters not submitted it cannot be true. It is sometimes true, as in some of the cases cited, that a provision relating to the method of reaching a conclusion upon a matter submitted, as that a "regard should be had to the law," or the matter submitted "to be decided upon legal principles," will be construed as directory, and still leave the judgment of the referees conclusive as to the law. But a construction of the submission by the referees which would enable them to include matters for their consideration not included in its terms, is never admissible. That must be construed as other contracts, and when those interested do not agree, as a last resort by the court. In this case undoubtedly the referees had authority to construe the deeds so far as the description of the line was involved. But the surplus was entirely another matter. That was not submitted. If the parties did not choose to include it, it was certainly competent for them to omit it as they did; and why should they include it? If the line in the deed could be found, as they then supposed, there was no surplus to divide. The east line of the plaintiff was the west line of the defendant, and while the one would hold up to that line, the other would also.

Hence, both upon the face of the papers and by the evidence, the award of the referees was not binding upon the defendant.

Under this conclusion the report provides that there shall be "judgment upon the verdicts, unless the court shall be of opinion that the law given to the jury in the charge is erroneous, to the prejudice of the plaintiff."

No exceptions have been filed and but two alleged errors have been pointed out, one of fact and one of law.

The first, that of fact, does not come within the terms of the report, and besides the justice's attention should have been called to it at the time. But it is claimed that it not only prejudiced the jury against the plaintiff, but " entirely changed the rule of law as to the division of the surplus." It is not, however, admitted to have been an error. There may have been testimony tending to show where the north-west corner of check lot No. 1 was, but we do not find that any witness at the trial stated where it was upon the face of the earth. The fact that the judge called the attention of the jury to it and qualified it as he did with the words, " so far as I remember," would tend to impress upon their minds its importance, and if such testimony existed they would certainly recall it. Besides, the rule of law given the jury by which they were to be governed in dividing the surplus, was correct and given in such terms as would require the jury to weigh any and all testimony bearing upon that point.

Nor does the alleged error in law exist. It is too well settled to admit of question that a line agreed upon by the parties in interest and occupied up to for more than twenty years, becomes conclusive, nor would it be waived by a subsequent reference resulting in a void award.

These conclusions under the provisions of the report preclude all consideration of the propriety of the verdicts, which has been quite fully discussed.

*Judgment on the verdict.*

PETERS, C. J., VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.